# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01500-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

On October 4, 2017, Plaintiff Sam Drake, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California. On November 7, 2017, the action was transferred to the Eastern District of California.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

### A. Plaintiff's Complaint Fails to Comply with the Eastern District's Standing Order and Does Not Contain a Short, Plain Statement as Required by Rule 8 of the Federal Rules of Civil Procedure

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran. CSATF is participating in a pilot program allowing for the initial electronic filing of prisoner complaints in civil rights cases involving conditions of confinement claims. Pursuant to this Court's Standing Order, initial complaints may not exceed twenty-five (25) pages in length. See Standing Order, In Re: Procedural Rules For Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated At Participating Penal Institutions, March 1, 2016, at ¶ 4.

Plaintiff's complaint is thirty-seven pages in length, excluding exhibits, names fourteen defendants, and spans a period of time since 1995. It appears that Plaintiff attempted to avoid the Standing Order by filing this action in the Northern District. Further, Plaintiff's complaint

fails to comply with Rule 8 of the Federal Rules of Civil Procedure which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's complaint is neither short nor plain. The complaint is over thirty five pages in length, names fourteen defendants from different correctional institutions, and spans twenty-two years. Additionally, upon review of Plaintiff's complaint it is largely composed of conclusory allegations that are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678.

For these reasons, the Court finds that Plaintiff's complaint violates the page limits in the standing order and Rule 8's requirement that the complaint contain a short, plain statement of the claim. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court shall grant Plaintiff the opportunity to file an amended complaint to cure the deficiencies identified herein.

**B. Plaintiff's Amended Complaint Must Comply With Rules 8, 18, and 20 of the Federal Rules of Civil Procedure**

In filing his amended complaint, Plaintiff is advised that a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

In other words, all claims in the complaint must be permitted by either Rule 18 or Rule 20. A plaintiff may state a single claim against a single defendant and may then add any

additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Review of Plaintiff's complaint reveals that Plaintiff is attempting to bring multiple unrelated claims that are not properly joined under Rule 18 or 20.

Plaintiff brings Eighth Amendment and conspiracy claims which appear to be based upon his change in housing status around May 3, 2017, and alleges claims against defendants based on housing determinations from 2014 through 2017. (Compl. at 4-20,[1] ECF No. 1.) Plaintiff also includes retaliation claims based on events that occurred from 2000 through 2017. (Id. at 21-36.) The claims in this action are not based on the same "transaction, occurrence, or series of transactions." The allegation that there is ongoing retaliation does not make Plaintiff's claims related. If Plaintiff decides to file an amended complaint, Plaintiff needs to determine which claim he is seeking to bring in this action and may only add those additional claims which are properly joined.

Further any claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Finally, Plaintiff's amended complaint shall not exceed twenty-five pages in length and must be double spaced using Times New Roman size 12 or a similar font. The amended

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 complaint may not contain any legal citations or argument and if it fails to comply with this
2 order it shall be stricken from the record.

### C. Request to Seal

Plaintiff also requests that this action not be published which the Court construes as a request to seal. Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Plaintiff seeks to have this action not published for safety reasons. (ECF No. 2.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). The party making a request to file documents under seal shall be required to show good cause or compelling reasons to seal depending upon the type of documents sought to be sealed. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). The Court does not seal case documents or exhibits from public view without good cause. Here, Plaintiff has not provided sufficient information for the Court to find good cause to grant a request to seal this action. While Plaintiff states that his request is based on safety reasons and suggests that the filing of this action may place his life at risk, there is no information included for the Court to find that Plaintiff would be placed at any risk based on the filing of this action. Plaintiff's request to seal this action is denied.

**III.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to

raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order;
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order; and
5. The Clerk of the Court is directed to randomly assign this action to a district judge.

IT IS SO ORDERED.

Dated: **November 16, 2017**

UNITED STATES MAGISTRATE JUDGE