# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01500-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 39] |

Plaintiff Sam Drake is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed December 5, 2018.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. In addition, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Plaintiff contends that after his transfer to the Fresno County Jail on October 22, 2018, he has been without his legal property and access to the law library. In general, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In support of his claim, Plaintiff attaches the jail's policy regarding access to the law library which in general limits such access involving only pending criminal cases. However, the jail's prison policy clearly demonstrates that Plaintiff can request access to the LexisNexis Kiosk by producing a court order which requires access. At the present time, there are no pending deadlines for which Plaintiff must comply. Indeed, Defendants have not yet filed an answer to the complaint and the deadline to do so does not expire until December 12, 2018. Therefore, the Court does not find the required exceptional circumstances.

///

///

///

///

2

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**December 6, 2018**__

                                                     UNITED STATES MAGISTRATE JUDGE