**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM DRAKE,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-01500-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION TO COMPEL, GRANTING IN PART DEFENDANTS' REQUEST TO MODIFY THE SCHEDULING ORDER, AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE AS UNNECESSARY<br><br>[ECF Nos. 47, 48, 49] |

Plaintiff Sam Drake is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 25, 2019, Defendants filed a motion to compel discovery responses and order deeming requests for admission admitted, and motion to modify the scheduling order.

On April 1, 2019, Plaintiff filed a motion for a 120-day extension of time to initiate and complete discovery.

**I.**

**DISCUSSION**

**A.    Motion to Compel**

Defendants seek to compel discovery responses to their requests for production and both sets of interrogatories—without objection because he waived them.  Defendants also request that the Court deem Plaintiff's failure to respond to the requests for admission admitted, and warn Plaintiff that sanctions may be imposed, up to and including evidentiary sanctions or dismissal, if he does not respond in full to the remaining outstanding discovery requests.

1

1    Defendants submit that on January 7, 2019, Defendants propounded exhaustion-related
2 discovery, including requests for admission, requests for production, and two sets of interrogatories.
3 (Ganson Decl. ¶ 3, Exs. A-D.) The discovery requests were served at Plaintiff's address of record at
4 the Fresno County Jail, along with courtesy copies addressed to Mule Creek State Prison, where
5 Plaintiff was previously housed. (Ganson Decl. ¶ 3.) Pursuant to the scheduling order, Plaintiff's
6 responses were due on or before February 25, 2019. (Id. ¶ 4; ECF No. 45 at 1:22-23.) Two weeks
7 after the deadline expired, Defendants arranged a meet-and-confer call with Plaintiff regarding his
8 failure to respond. (Ganson Decl. ¶¶ 5-6.) During the call, Plaintiff acknowledged that he had
9 received the discovery requests and failed to respond to them. (Id. ¶ 6.) Plaintiff agreed that he would
10 be willing to provide responses after his civil-commitment proceedings, which are currently scheduled
11 for June 2019. (Id.)
12    Defendants' motion to compel shall be denied, without prejudice. Defendants acknowledge
13 and do not dispute that Plaintiff is currently housed at the Fresno County Jail pending civil
14 commitment proceedings under the Sexually Violent Predator statute scheduled to conclude in June
15 2019. Defendants also acknowledge and do not dispute that Plaintiff is without his legal materials
16 necessary to respond to Defendants discovery requests. The Court cannot fault Plaintiff for his failure
17 to respond to discovery when he claims that he does not have access to his legal materials at the
18 Fresno County Jail, and Defendants have failed to demonstrate otherwise. While it is true that
19 Plaintiff did not request an extension of time to file responses to the outstanding discovery requests
20 prior to Defendants filing the motion to compel, Plaintiff did file a request for an extension on April 1,
21 2019—which is self-dated March 26, 2019, and just one day after the motion to compel was filed.
22 Because the discovery deadline does not expire until August 27, 2019, and Plaintiff has agreed to file
23 responses after completion of the civil-commitment proceedings in June 2019, the Court will deny
24 Plaintiff's motion to compel, without prejudice. However, if Defendants provide Plaintiff with his
25 legal materials at the Fresno County Jail or provide an adequate record that he has legal materials , the
26 Court will reconsider whether to compel a response prior to the conclusion of the civil commitment
27 proceedings.
28 ///

**B.     Motion to Modify the Scheduling Order**

Defendants request to vacate the exhaustion motion, discovery, and dispositive motion deadlines. The Court finds good cause to extend the exhaustion motion deadline which expired on March 27, 2019. However, the Court does not find good cause to extend the discovery and dispositive motions deadlines, at this time as they do not expire until August 27, 2019 and November 7, 2019, respectively. (ECF No. 45.) Accordingly, Defendants' request to modify the scheduling order will be granted in part.

**C.     Plaintiff's Motion for Extension of Discovery Deadline**

Plaintiff seeks a 120-day extension of the discovery deadline, i.e. July 27, 2019. Plaintiff is advised that pursuant to the Court's scheduling order, the discovery deadline does not expire until August 27, 2019. Therefore, Plaintiff's request to extend the deadline is unnecessary.

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel is denied, without prejudice;
2. Defendants' motion to modify the scheduling order is granted in part;
3. The exhaustion motion deadline is extended to **July 26, 2019**;
4. Plaintiff's motion to extend the discovery deadline is denied as unnecessary; and
5. All other provisions of the Court's December 27, 2018, discovery and scheduling order remain in full for and effect.

IT IS SO ORDERED.

Dated:     **April 2, 2019**

UNITED STATES MAGISTRATE JUDGE