| | |
|---|---|
| SAM DRAKE, | Case No.: 1:17-cv-01500-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING, IN PART, DEFENDANTS MOTION TO COMPEL |
| SCOTT KERNAN, et al., | [ECF No. 59] |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Sam Drake is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' second motion to compel, filed July 29, 2019.

**I.**

**RELEVANT HISTORY**

This action is proceeding on the following claims: (1) retaliatory food poisoning under the First and Eighth Amendment against Defendants Navarro and Gonzalez; (2) due process violation relating to a RVR hearing under the Fourteenth Amendment against Defendant Gonzalez; (3) conspiracy to set him up for attack by other inmates against Defendants Allison, Gonzalez, Moak, McCabe, Navarro, and Sexton; (4) for setting him up for attack under the Eighth Amendment against Defendants Allison, Gonzalez, Moak, McCabe, Navarro, and Sexton; and (5) lack of medical treatment provided in response to his complaints of food poisoning against Defendant Dr. McCabe.

1

On December 19, 2018, Defendants filed an answer to the second amended complaint.

On December 27, 2018, the Court issued the discovery and scheduling order.

On March 25, 2019, Defendants filed a motion to compel discovery responses and order deeming requests for admission admitted, and motion to modify the scheduling order.

On April 1, 2019, Plaintiff filed a motion for a 120-day extension of time to initiate and complete discovery.

On April 2, 2019, the Court denied Defendants' motion to compel, without prejudice, granted in part Defendants' request to modify the scheduling order, and denied Plaintiff's motion to extend the discovery deadline as moot. The Court also noted that Plaintiff agreed to provide responses to the discovery requests after his civil-commitment proceedings concluded in June 2019.

On May 13, 2019, Defendants Allison and Moak filed a motion for judgment on the pleadings claiming the conspiracy claim against them is unexhausted on the face of the complaint. Plaintiff filed an opposition on May 24, 2019, and Defendants filed a reply on June 10, 2019.

On June 21, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion be granted, and the conspiracy claim against Defendants Allison and Moak be dismissed, without prejudice. Plaintiff filed objections on July 8, 2019. To date, the Findings and Recommendations have not been ruled on by the assigned District Judge. Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1).

As previously stated, on July 8, 2019, Defendants filed a second motion to compel. Plaintiff filed an opposition on July 22, 2019, and Defendants filed a reply on July 29, 2019.

## II.

## DISCUSSION

Defendants request the Court vacate the deadlines in this case, compel Plaintiff to respond in full to the interrogatories and requests for production once he regains access to his property, and direct Plaintiff to provide a status update after either the anticipated October 3, 2019 civil-commitment status hearing, or after obtaining access to his property.

Defendants submit that Plaintiff failed to respond to the outstanding discovery requests after the June 2019 deadline, and he did not timely seek an extension of time to do so. Defendants further

submit that Plaintiff failed to inform the Court or counsel that his civil-commitment proceedings had been extended, and were still ongoing, until he opposed the instant motion to compel.

Plaintiff argues that Defendants' motion is brought is bad faith, and he cannot respond fully to the discovery requests without access to his legal materials.

Contrary to Plaintiff's contention, the Court did not require Defendants to either provide the legal materials or provide an adequate record that he has access to his materials. Rather, the Court advised Defendants it would reconsider compelling a response prior to the conclusion of the civil commitment proceedings, if the referenced prerequisites were established. (ECF No. 50.) At the time the instant motion to compel was filed, Defendants were under the belief that Plaintiff would file his responses after the civil-commitment proceedings in June 2019, and Plaintiff did not inform Defendants that his civil-commitment proceedings were still ongoing until he filed his opposition. (ECF No. 63, Opp'n at 2 ¶¶ 3-4.) Thus, there is no basis to find that Defendants filed the instant motion to compel in bad faith.

In addition, and contrary to Plaintiff's assertion, he is no longer in the custody of the California Department of Corrections and Rehabilitation. (Granson Decl. ¶ 6, ECF No. 59); see also Attachment A (CDCR External Movements report, noting Plaintiff's parole from CDCR's custody in January 2019. Since Plaintiff is incarcerated in the Fresno County Jail, which is under the authority of Fresno County and not the State of California or its employees (Cal. Pen. Code § 4000), the Defendant state employees do not have authority over Plaintiff's confinement or access to the information concerning the status of his civil-commitment proceedings beyond that which is publicly available.

Defendants do not dispute that Plaintiff is without his legal property while he is currently housed at the Fresno County Jail awaiting civil-commitment proceedings, now scheduled for October 3, 2019.[1] Defendants further do not oppose an extension of time to allow Plaintiff to respond to the outstanding discovery requests. However, Defendants argue that the responses should be in full because Plaintiff waived any objections when he allowed the deadline to expire. While Defendants are correct that Plaintiff should have requested an extension of time to respond to the discovery

---

[1] Defense counsel submits that she is currently in the process of "looking into the status of [Plaintiff's] property." (Reply at 2, fn.1; ECF No. 65.) Counsel shall promptly notify the Court if additional information is obtained.

requests prior to the June 2019 civil-commitment hearing and/or advised the Court of the continuance, given the unusual circumstances, the Court will excuse Plaintiff's failure to do so in this instance and not impose evidentiary sanctions, at this juncture. However, Plaintiff is cautioned that he must comply with any and all deadlines and orders in this case, and his failure to do so may result in evidentiary sanctions and/or dismissal of the action. Plaintiff is further advised that he must seek an extension of time if he is unable to comply with any outstanding deadline or order. Local Rule 144(d) (directing parties to seek an extension of time from the Court or counsel "as soon as the need for an extension becomes apparent" and requests brought on the required filing date or thereafter are looked upon with disfavor).

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel is granted, in part;
2. Plaintiff shall file a response to Defendants' interrogatories and requests for production once he regains access to his property;
3. Plaintiff shall file a status report by **October 10, 2019**, after the anticipated October 3, 2019 civil-commitment status hearing or after obtaining access to his property (whichever occurs first); and
4. All deadlines set forth in the Court's December 27, 2018, are VACATED to be reset once Plaintiff regains access to his property and has responded to Defendants' outstanding discovery requests.

IT IS SO ORDERED.

Dated: __**August 9, 2019**__

UNITED STATES MAGISTRATE JUDGE