UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01500-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND/OR REQUEST FOR INJUNCTIVE RELIEF<br><br>[ECF No. 71] |

Plaintiff Sam Drake is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for assignment of a private investigator and/or request for injunctive relief, filed September 25, 2019.

**I.**

**BACKGROUND**

This action is proceeding on the following claims: (1) retaliatory food poisoning under the First and Eighth Amendment against Defendants Navarro and Gonzalez; (2) due process violation relating to a RVR hearing under the Fourteenth Amendment against Defendant Gonzalez; (3) conspiracy to set him up for attack by other inmates against Defendants Gonzalez, McCabe, Navarro, and Sexton; (4) for setting him up for attack under the Eighth Amendment against Defendants Allison, Gonzalez,

1 | Moak, McCabe, Navarro, and Sexton; and (5) lack of medical treatment provided in response to his complaints of food poisoning against Defendant Dr. McCabe.

On December 19, 2018, Defendants filed an answer to the second amended complaint.

On December 27, 2018, the Court issued the discovery and scheduling order.

On January 7, 2019, Defendants propounded exhaustion-related discovery, including requests for production and two sets of interrogatories. Plaintiff has not yet responded to the discovery because during the course of this litigation he was transferred to the Fresno County Jail and has been without his property.

On August 9, 2019, the Court granted, in part, Defendants' motion to compel discovery responses, and order that upon Plaintiff's access to this property he must file a response to Defendants' outstanding discovery requests. (ECF No. 66.)

At this juncture, it is still unclear whether Plaintiff has access to his property to provide discovery requests, and by way of separate order, the Court has directed Defendants to file a further status report.

**II.**

**DISCUSSION**

In the instant motion, Plaintiff requests the Court appoint a private investigator and/or runner to obtain access to legal research and photocopy services. Plaintiff also requests that the Court order the Fresno County Jail to modify its policies with regard to pro se inmate correspondence which the Court construes as a request for injunctive relief.

**A.     Motion For Appointment of Private Investigator/Runner**

Because there is no authority for the Court to appoint a private investigator/runner, the Court construes Plaintiff's motion as a request for appointment of counsel. As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. In addition, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

**B.    Request for Injunctive Relief**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

///

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to photocopy services. Plaintiff contends that he does not have sufficient access to the law library, forms, and photocopy services at the Fresno County Jail, to respond to the outstanding discovery requests and to propound his own discovery. Plaintiff attaches the Fresno County Jail policy regarding access to legal research, resources and materials for pro se individuals. The Policy states, in pertinent part:

> To apply for access to the Legal Research Kiosks on a civil condition of confinement issue, your civil case must be filed and active in Fresno County, you must be Pro Per pursuant to a court order on that civil case; and the court must have issued an Order to Show Cause or a request for an Informal Response on the case in question.

(Mot. at 6, ECF No. 71.)[1]  With regard to photocopy services, the policy states, in pertinent part:

> Pro-Per inmates who have been granted access to the Legal Research Kiosks may receive photocopies of the documents they are filling with the Court pertinent to the case on which they have been granted Pro-Per status. …
>
> The Law Librarian will photocopy legal documents for pro per inmates, as well as those who are challenging an order of commitment or criminal conviction, or are challenging the conditions of their confinement (e.g., Petition for Writ of Habeas Corpus).  The inmate will be limited to one photocopy of each document (unless the inmate demonstrates that more than one copy must be submitted to the court).  The legal document to be duplicated, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, **not to exceed fifty (50) pages in total length**, except when necessary to advance litigation.  The inmate shall provide a written explanation of the need for excess document length.

(Mot. at 7, ECF No. 71.) (emphasis in original).

Contrary to Plaintiff's contentions, the jail's prison policy clearly demonstrates that Plaintiff can request access to the Legal Research Kiosks and photocopy services by producing a court order demonstrating he is proceeding pro-per, challenging the conditions of his confinement (a section 1983 civil rights complaint), and has a court deadline.  Further, Plaintiff has failed to allege or demonstrate that he has requested access to the law library or photocopy services and was improperly denied.  Moreover, Plaintiff fails to demonstrate why he is currently in need of photocopy services and/or access to the law library.  Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiff has provided no basis for this Court to interfere with the jail's administration of its access to law library and photocopy services, and Plaintiff's requests for injunctive relief should be denied.

///

///

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for appointment of counsel be denied; and
2. Plaintiff's request for injunctive relief be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 7, 2019**

UNITED STATES MAGISTRATE JUDGE