UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:17-cv-01500-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS MOOT<br><br>(ECF No. 120) |

　　　　Plaintiff Sam Drake is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for a protective order, filed July 26, 2022. Plaintiff seeks to quash his videoconference deposition scheduled for July 15, 2022, until he returns to the Department of State Hospitals.  (ECF No. 120.)

## I.

## LEGAL STANDARD

　　　　Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding

1

the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)); Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

II.

DISCUSSION

The deposition which Plaintiff seeks to quash was scheduled for July 15, 2022. The July 15, 2022, date has passed by over two weeks, and no other motion has been filed. Therefore, the motion for protective order is moot. Nonetheless, the Court deems it prudent to address the taking of Plaintiff's deposition in the future. Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court...." Fed. R. Civ. P. 30(a)(1). Deposition 30(a)(1) questions may relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters within his or her own knowledge. A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

The Court does not construe Plaintiff's motion as a wholesale refusal to engage in his deposition. Indeed, Plaintiff appears to acknowledge that his discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. The Court agrees Plaintiff is obligated to allow Defendants

to take his deposition.  Rather, Plaintiff contends that he did not have his case documents to prepare for his deposition.

Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, he is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory.  If Plaintiff does not have his legal papers, through no fault of his own, he is informed he must still appear for a properly noticed deposition. Nonetheless, Plaintiff may ask defense counsel for an extension of time or make arrangements with defense counsel to assist Plaintiff is obtaining his case documents or to provide a copy of any relevant documents.  Accordingly, Plaintiff's motion for a protective order shall be denied as rendered moot.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a protective order to quash his deposition is denied as moot.

IT IS SO ORDERED.

Dated:   **July 27, 2022**

UNITED STATES MAGISTRATE JUDGE

3