# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE, | Case No. 1:17-cv-01500-ADA-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS AND LEAVE TO TAKE DISCOVERY, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN OPPOSITION TO DEFENDANTS |
| v. | |
| SCOTT KERNAN, et al., | |
| Defendants. | |
| | (ECF No. 136) |

Plaintiff Sam Drake is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of an expert witness and leave to take discovery, filed May 11, 2023.

## I.

## LEGAL STANDARD

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term

1

Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.)

A "court's decision whether to appoint an expert is discretionary," but it is well settled that "there is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis." Snow v. Mar, 785 F. App'x 465, 466 (9th Cir. 2019) (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 n.7 (9th Cir. 2002)). Courts may not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.) Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).

## II.

## DISCUSSION

Plaintiff seeks appointment of an expert witness to testify as to food contamination exposure and violent assault victimization mental trauma. (ECF No. 136.) To the extent Plaintiff seeks appointment of an expert witness to testify to Plaintiff's view of food

contamination and/or victimization, such appointment is inappropriate. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. <u>Manriquez v. Huchins</u>, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); <u>Brooks v. Tate</u>, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); <u>Gorrell v. Sneath</u>, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses.

In addition, the Court is not persuaded that Plaintiff's claims are factually or legally complex such that the appointment of a neutral expert witness is required. Further, Plaintiff fails to explain how appointment of a neutral expert witness would assist the Court in understanding the evidence or determining a fact in issue.   Defendants have filed a motion for summary judgment and based on a review of the record, the evidence is sufficient to assist the Court in understanding Plaintiff's claims.  Accordingly, the Court exercises its and will deny Plaintiff's motion for appointment of an expert witness under Rule 706.  Should the court decide at a later date, including at trial, that such expert testimony is required, the court may, sua sponte, appoint a neutral expert at that time.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1000 (9th Cir. 2002).  Rule 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a motion for summary judgment]." Fed. R. Civ. P. 56(d). The court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." <u>Id.</u>

///

1    Rule 56(d) is designed to deal with "premature" summary judgment motions, where the
2    nonmoving party has not had a fair opportunity to conduct discovery prior to filing its
3    opposition. See Celotex Corp v. Catrett, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d
4    265 (1986). Where "a summary judgment motion is filed so early in the litigation, before a party
5    has had any realistic opportunity to pursue discovery relating to its theory of the case, district
6    courts should generally grant any Rule 56[(d)] motion fairly freely." Burlington N. Santa Fe R.R.
7    Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

8    "A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the
9    specific facts that further discovery would reveal, and explain why those facts would preclude
10   summary judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.
11   2006); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on
12   the party seeking additional discover to proffer sufficient facts to show that the evidence sought
13   exists, and that it would prevent summary judgment.") (internal citation omitted). The "[f]ailure
14   to comply with the requirements of Rule [56(d)] is a proper ground for denying discovery and
15   proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439,
16   1443 (9th Cir. 1986). Furthermore, "[t]o prevail on a Rule 56(d) motion, the movant must also
17   show diligence in previously pursuing discovery." Painsolvers, Inc. v. State Farm Mut. Auto. Ins.
18   Co., 732 F. Supp. 2d 1107, 1124 (D. Haw. 2010); Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir.
19   1995) ("[T]he   district   court   does   not   abuse   its   discretion   by   denying
20   further discovery [under Rule 56(d)] if the movant has failed diligently to pursue discovery in the
21   past.") (internal quotation marks omitted).

22   Plaintiff seeks to defer ruling on Defendants' motion for summary judgment in order to
23   allow discovery by way of appointment of an expert witness.  However, Plaintiff has failed to
24   make the showing required under Rule 56(d). Plaintiff fails to clearly identify what specific
25   evidence or facts that would defeat Defendants' motion for summary judgment and his request
26   for appointment of an expert witness is unfounded.  In addition, discovery in this action was
27   open for several months, and Plaintiff has failed to demonstrate that he previously requested
28   information necessary to Defendants' motion and was unable to obtain it.

In sum, Plaintiff has failed to demonstrate that he has been "railroaded" by Defendants' exhaustion related motion for summary judgment to warrant deferring a ruling on the motion. Accordingly, Plaintiff's motion to defer ruling on Defendants' motion for summary judgment must be denied. However, the Court will grant Plaintiff an extension of time in which to file an opposition or statement of non-opposition to Defendants' summary judgment motion in light of this ruling.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for appointment of an expert witness (ECF No. 136) is denied; and

2.      Plaintiff is granted thirty days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   **May 15, 2023**

UNITED STATES MAGISTRATE JUDGE