UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendant. | No. 1:17-cv-01500-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 134, 144) |

Plaintiff Sam Drake is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on: (1) conspiracy and failure to protect claims against defendants Allison and Moak; (2) a claim that defendant Sexton directed defendant McCabe to dispute all injuries that plaintiff reported had been caused by staff; (3) a claim that defendant Sexton directed custody staff not to correct the safety and enemy information in plaintiff's prison file; (4) an Eighth Amendment food contamination claim against defendant Navarro; and (5) First and Eighth Amendment claims against defendant Gonzales related to his retaliatory conduct from April 6, 2015 through January 23, 2016.  Doc. 106.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 16, 2024, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be denied as to

1

1  plaintiff's retaliation claim against defendant Gonzales for issuance of Rules Violation Reports in
2  May 2015 and granted as to all other claims. Doc. 144. The parties were given 21 days within
3  which to file any objections. *Id*. at 35. Plaintiff filed objections on April 3, 2024, and defendants
4  filed a response to those objections on April 28, 2024. Docs. 146, 147.

5      In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of
6  this case. Plaintiff objects to the dismissal of defendants Allison and Moak. Doc. 146 at 1.
7  Specifically, plaintiff argues that Allison and Moak knew that there was an obvious risk that he
8  would be attacked if he was released from COR-SHU to COR-GP. Doc. 146 at 2. However,
9  plaintiff has not established any error in the findings and recommendations. Plaintiff's
10 conclusory assertion that Allison and Moak were aware of the obvious risk is not supported by
11 the record and was properly analyzed by the magistrate judge.

12     Having carefully reviewed the file, including plaintiff's objections and defendants'
13 response, the court finds the findings and recommendations to be supported by the record and by
14 proper analysis.

15     Accordingly:

16     1.    The findings and recommendations issued on February 16, 2024 (Doc. 144) are
17          adopted in full.

18     2.    Defendant Sexton is dismissed.

19     3.    Defendant's motion for summary judgment (Doc. 134) is granted in part and denied
20          in part;

21         a.    The conspiracy and failure to protect claims against defendants Allison and
22             Moak are dismissed;

23         b.    The Eighth Amendment food contamination claim against defendant
24             Navarro is dismissed;

25         c.    The Eighth Amendment deliberate indifference claim against defendant
26             McCabe is dismissed;

27         d.    The Eighth Amendment failure to protect claim against defendant Gonzales
28             is dismissed; and

      e.   The First Amendment retaliation claim against defendant Gonzales proceeds insofar as it relates to the issuance of Rules Violation Reports in May 2015; all other retaliation claims against Gonzales are dismissed.

4. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 25, 2025

UNITED STATES DISTRICT JUDGE

3