ROB BONTA, State Bar No. 202668
Attorney General of California
JOANNA B. HOOD, State Bar No. 264078
Supervising Deputy Attorney General
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7334
 Fax:  (916) 324-5205
 E-mail:  Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendant M. Gonzales*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SAM DRAKE,**<br><br>Plaintiff,<br><br>v.<br><br>**KERNAN, et al.,**<br><br>Defendants. | 1:17-CV-01500-KES-SAB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES (ECF No. 150)**<br><br>Judge:  The Honorable Kirk E. Sherriff<br>Trial Date:  November 4, 2025<br>Action Filed:  November 7, 2017 |

**INTRODUCTION**

Although Plaintiff's declaration avers that incarcerated witnesses Fields and James have knowledge of relevant facts, Plaintiff fails to establish that these witnesses have agreed to testify at the November 4, 2025 trial set in this matter. Rather, he relies on conversations with them which occurred in 2015, ten years before this trial date was set. Plaintiff also fails to demonstrate that Fields or James have agreed to testify in person at this trial and also fails to demonstrate good cause or compelling circumstances to allow them testify by videoconference under Federal Rule of Civil Procedure 43. For these reasons, Plaintiff's motion for attendance of incarcerated witnesses should be denied. Alternatively, Defendant asserts that Fields and James should be

1

required to testify at trial in person so that the finder of fact can observe their demeanor and judge their credibility.

## ARGUMENT

**I. PLAINTIFF DOES NOT DEMONSTRATE THAT THE INCARCERATED WITNESSES ARE WILLING TO TESTIFY AT THIS TRIAL.**

While Plaintiff states that, when he last spoke with them in 2015, the incarcerated witnesses Fields and James were willing to testify at trial, Plaintiff fails to establish that either Fields or James are willing to testify in person at the trial presently scheduled to begin on November 4, 2025. (ECF No. 150 at 4:6-10.) Plaintiff does not state that either witness is available to testify on that date, or whether he has even discussed the current trial date with them. (*Id.*) Thus, it is unclear whether either witness would be unavailable due to a previously-scheduled hearing in another court case, a medical appointment, or for some other reason. Therefore, Plaintiff fails to comply with the directive contained in the Trial Scheduling Order and the motion should be denied for that reason.

**II. THESE WITNESSES SHOULD TESTIFY IN PERSON.**

Plaintiff states that in 2015, Fields and James were willing to testify at trial if they appeared by videoconference. (*Id.*) As noted by the Trial Scheduling Order, the purpose of requiring a motion for attendance of incarcerated witnesses is to satisfy the Court that the witness has actual knowledge of relevant facts and can testify to those facts if transported to the Court for trial. (ECF No. 149 at 2:16-22.) By stating only that these witnesses agreed to testify by videoconference ten years ago, Plaintiff fails to comply with the Trial Scheduling Order and this motion should be denied for this reason.

Further, Plaintiff has not established good cause or compelling circumstances to allow Fields or James to testify by videoconference under Federal Rule of Civil Procedure 43. He provides no reasons why these witnesses could not be transported to this Court to testify in person. Defendant intends to challenge the credibility of these witnesses by demonstrating that they could not have personal knowledge of the facts contained in this motion. Defendant submits

that they should be required to testify in person so that the jury can properly observe their demeanor and evaluate their testimony.

## CONCLUSION

For the foregoing reasons, the motion for attendance of incarcerated persons and the requests to allow these persons to testify by videoconference should be denied.

Dated:  June 24, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General


*/s/ R. Lawrence Bragg*
R. LAWRENCE BRAGG
Supervising Deputy Attorney General
*Attorneys for Defendant M. Gonzales*

SA2018102931
39117615

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Sam Drake (J10892) v. Kernan, et al.** | No. | **1:17-CV-01500-KES-SAB** |

I hereby certify that on <u>June 24, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES (ECF No. 150)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>June 24, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Sam Douglas Drake, 0624897
Fresno County Jail
1225 M Street
Fresno, CA 93712
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 24, 2025</u>, at Sacramento, California.

| | |
|---|---|
| A. Zamora | */s/ A. Zamora* |
| Declarant | Signature |

SA2018102931
39118622.docx