1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JOANNA B. HOOD, State Bar No. 264078
   Supervising Deputy Attorney General
3  R. LAWRENCE BRAGG, State Bar No. 119194
   Supervising Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 210-7334
6   Fax:  (916) 324-5205
    E-mail:  Lawrence.Bragg@doj.ca.gov
7  *Attorneys for Defendant M. Gonzales*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                     FRESNO DIVISION

11

12

13  **SAM DRAKE,**                          1:17-CV-01500-KES-SAB

14                          Plaintiff,      **DEFENDANT'S PRETRIAL
                                            STATEMENT**
15          v.
                                            Date:       August 11, 2025
16  **KERNAN, et al.,**                     Time:       1:30 p.m.
                                            Courtroom:  6
17                          Defendants.     Judge:      The Honorable Kirk E.
                                                        Sherriff
18                                          Trial Date: November 4, 2025
                                            Action Filed: November 7, 2017

19

20          Defendant M. Gonzales respectfully submits the following pretrial statement in accord with

21  Federal Rule of Civil Procedure 16, Local Rule 281, and this Court's Trial Scheduling Order.

22  (ECF No. 149.) Defendant notes that after this Court's ruling on Defendant's Motion for

23  Summary Judgment (ECF No. 148), the only claim(s) remaining for trial are the First

24  Amendment retaliation claims concerning the issuance of Rules Violation Reports in May 2025.

25  **I.      JURISDICTION AND VENUE.**

26          This is a prison civil rights action for damages under 42 U.S.C. § 1983. The Court has

27  jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343. Because the alleged events at

28

                                      1

issue took place in Kings County, California, venue is proper in the Eastern District of California, Fresno Division. *See* 28 U.S.C. § 1391(b).

## II.    JURY-NON-JURY.

Both parties have demanded a jury trial. (ECF Nos. 26, 43.)

## III.    UNDISPUTED FACTS.

1.    In May 2015, Plaintiff Drake was an incarcerated inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and housed at California State Prison-Corcoran (Corcoran).

2.    In May 2015, Plaintiff was housed in the Security Housing Unit (SHU) at Corcoran.

3.    In May 2015, Defendant M. Gonzales was a Correctional Officer at Corcoran.

4.    Gonzales issued Rules Violation Report Log No. 4A2-15-05-45 to Plaintiff for Willfully Resisting, Delaying Any Peace Officer in the Performance of Duty on May 28, 2015, because Plaintiff refused to return to his cell after a random cell search.

5.    After a disciplinary hearing, Plaintiff was found guilty of Willfully Resisting, Delaying Any Peace Officer in the Performance of Duty and assessed ninety days' loss of credit, thirty days' loss of television and radio privileges, and ten days' loss of yard privileges. The loss of credits were later rescinded.

## IV.    DISPUTED FACTS.

1.    Whether Gonzales issued a Rules Violation Report to Plaintiff for Destruction of State Property Less than $400 in May 2025, identified by Plaintiff as Log No. 4A2-15-05-944.

2.    Whether Gonzales was aware in May 2015, of prior protected conduct by Plaintiff.

3.    Whether Gonzales searched Plaintiff's cell in May 2015, in retaliation for protected conduct by Plaintiff.

4.    Whether Gonzales issued Rules Violation Report Log No. 4A2-15-05-45 to Plaintiff for Willfully Resisting, Delaying Any Peace Officer in the Performance of Duty because Plaintiff had engaged in protected conduct.

5.    Whether Plaintiff incurred any harm or damages as a result of Gonzales' conduct.

/ / /

2

1    **V.    DISPUTED EVIDENTIARY ISSUES.**

2    Defendant anticipates Plaintiff will attempt to introduce evidence concerning claims which

3    have been dismissed by this Court including conspiracy and failure to protect claims asserted

4    against former Defendants Allison and Moak, the claim that former Defendant Sexton directed

5    former Defendant Dr. McCabe to dispute all injuries reported by Plaintiff which had been caused

6    by staff, the claim that former Defendant Sexton directed custody staff not to correct the safety

7    and enemy information in Plaintiff's prison file, the claim that former Defendant Navarro

8    contaminated Plaintiff's food, the Eighth Amendment failure to protect claim asserted against

9    Defendant Gonzalez, and any other retaliation claims asserted against Gonzalez except for the

10    issuance of Rules Violation Reports in May 2015. (ECF No. 148 at 2-3.) Defendant contends that

11    such evidence would be irrelevant to the retaliation claims remaining for trial. Fed. R. Evid. 401,

12    402. Alternatively, Defendant contends that the relevance of such evidence would be substantially

13    outweighed by undue prejudice resulting to Defendant, confusing the issues, misleading the jury,

14    and wasting time. Fed. R. Evid. 403.

15    Defendant anticipates that Plaintiff will attempt to introduce character evidence of

16    Defendant that is inadmissible under the Federal Rules of Evidence, including Rules 401 through

17    405, and 608. Defendant also anticipates that Plaintiff will attempt to introduce evidence of a

18    "Green Wall" code of silence.  Defendant further anticipates a dispute regarding the admissibility

19    of Plaintiff's prior criminal convictions, as well as the admissibility the criminal convictions of

20    any present and former inmates called by Plaintiff.  *See* Fed. R. Evid. 609.

21    Further, Plaintiff should be prevented from presenting inadmissible testimonial or

22    documentary hearsay, including the admissibility of statements signed by witnesses and medical

23    records. *See* Fed. R. Evid. 801-807.

24    Defendant objects to any opinion testimony from Plaintiff concerning matters that call for

25    medical expertise.

26    Defendant reserves objections to specific testimony and exhibits until such time as

27    Defendant has had the opportunity to hear such testimony and examine such exhibits.

28    / / /

1   **VI.    SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS.**

2       The claims in this civil rights case do not fall under any of the specific actions listed in

3   Local Rule 281(b)(6).

4   **VII.  RELIEF SOUGHT.**

5       Plaintiff seeks an award of nominal, compensatory, and punitive damages against

6   Defendant.

7       Defendant seeks an award of court costs as permitted by law.

8   **VIII. POINTS OF LAW.**

9       **A.    First Amendment Retaliation.**

10      "Section 1983 provides a cause of action for prison inmates whose constitutionally

11  protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791

12  F.3d 1023, 1035 (9th Cir. 2015). "Within the prison context, a viable claim of First Amendment

13  retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

14  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

15  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

16  advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.

17  2005) (footnote omitted). The element on causation requires a showing that the prison official

18  intended to take adverse action because of "retaliatory animus" to "silence and to punish" the

19  inmate, as opposed to some other non-retaliatory reason. *Shepard v. Quillen*, 840 F.3d 686, 689-

20  91 (9th Cir. 2016). Evidence probative of retaliatory animus includes the proximity in time

21  between the protected conduct and the alleged adverse action, a prison official's expressed

22  opposition to the speech, and that a prison official's proffered reason for the adverse action was

23  false or pretextual. *See Shepard*, 840 F.3d at 690. On the other hand, mere speculation that

24  defendants acted out of retaliation is not sufficient. *Woods v. Yordy*, 753 F.3d 899, 904 (9th Cir.

25  2014) (citing cases).

26      **B.    Damages for Alleged Mental or Emotional Injury.**

27      "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other

28  correctional facility, for mental or emotional injury suffered while in custody with a prior

4

1    showing of physical injury." 42 U.S.C § 1997e(e). A plaintiff must allege more than a *de minimis*

2    physical injury in order to recover compensatory damages for mental or emotional injury. *Oliver*

3    *v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

4        **C.    Punitive Damages.**

5        In a section 1983 action, a jury may award punitive damages only if it finds that the

6    defendants intended to violate federal law or acted in a reckless or callous disregard of plaintiff's

7    federally-protected rights. *Smith v. Wade*, 461 U.S. 30, 51 (1983).  It is not enough that

8    defendants may have acted in an objectively unreasonable manner; their subjective state of mind

9    must be assessed. *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). Where there is no

10    evidence that a section 1983 defendant has acted with evil intent, there is no legal right to

11    punitive damages. *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). Conduct is

12    malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the

13    plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

14    reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face

15    of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or

16    omission is oppressive if the defendant injures or damages or otherwise violates the rights of the

17    plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or

18    power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

19    Model Civ. Jury Instr. 9th Cir. 5.5 (2018).

20        **D.    Impeachment by Evidence of Prior Felony Conviction.**

21        Rule 609 of the Federal Rules of Evidence provides that evidence of a witness's prior

22    conviction of a felony may be used to impeach that witness's testimony. Defendant contends that

23    no one who has a prior felony conviction is entitled to the false aura of veracity, which would

24    occur if impeachment were not allowed. Accordingly, Defendant will seek to impeach the trial

25    testimony of Plaintiff or any of Plaintiff's witnesses with evidence of any prior felony

26    convictions.

27    / / /

28    / / /

1    **E.    "Green Wall" Code of Silence Is Not Relevant.**

2        "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it

3    would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.

4    R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. All arguments,

5    testimony, and evidence, regarding an alleged "Green Wall" or "code of silence is irrelevant to an

6    excessive force claim. *See id.*; *Sartori v. Cty. of Los Angeles*, 676 Fed. App'x 680, 683 (9th Cir.

7    2017) (affirming the exclusion of evidence of a "general code of silence" among members of a

8    law enforcement agency where plaintiff did not identify any evidence connecting the purported

9    code of silence to the testifying officers who testified); *see also Jackson v. Mendez*, No. 1:11-cv-

10    00080-BAM (PC), 2015 U.S. Dis. LEXIS 154717 at *8-9 (E.D. Cal. Nov. 13, 2015) (excluding

11    references to "Green Wall" and "Code of Silence" because "evidence of a conspiracy to cover up

12    the actions of other officers is irrelevant" to an excessive force claim); *Shepard v. Bass*, No. 1:10-

13    cv-00754-LJO BAM PC, 2012 U.S. Dist. LEXIS 163640, at *5 (E.D. Cal., Nov. 14, 2012)

14    (finding that "testimony or arguments regarding the 'Code of Silence' or 'Green Wall' would

15    have little if any relevance in determining whether Defendant…used force maliciously and

16    sadistically for the purpose of causing harm or in a good faith effort to restore order.").

17        Further, references to a "Code of Silence" or the "Green Wall" are unduly prejudicial to the

18    Defendant and will create a trial within a trial to determine whether such a conspiracy existed,

19    thereby confusing the issue of whether Defendant used excessive force in violation of the Eighth

20    Amendment. *See Shepard*, 2012 U.S. Dist. LEXIS 163640, at *5-7 (finding that admission of

21    "Green Wall" or "Code of Silence" would "cause confusion on the issues," primarily as to

22    "whether Defendant Bass used excessive force in rehousing Plaintiff in his cell," as it "would

23    create a trial within a trial and would waste the time of the jury and the Court" and "likely result

24    in unfair prejudice" to the defendant."); *see also Branch v. Umphenour*, No. 1:08-cv-01655-SAB

25    (PC), 2017 U.S. Dist. LEXIS 7032, at *17-19 (E.D. Cal., Jan. 18, 2017) (finding, in a failure to

26    protect claim, that the "Green Wall" and "Code of Silence" testimony would do same); *Emery v.*

27    *Harris*, No. 1:10-cv-01947-JLT (PC), 2014 U.S. Dist. LEXIS 22664 at *3-4, 2014 WL 710963 at

28    *2 (E.D. Cal. Feb. 21, 2014) (finding "code of silence" evidence would "require the jury first to

6

1    determine whether such a code exists…only to lure the jury away from making an individualized

2    assessment of each witness," creating a "substantial prejudicial effect" on the defendant and

3    noting that the plaintiff can still demonstrate bias of a witness based on their "employment

4    relationship, friendship, affiliation, empathy or otherwise"); *Buckley v. Evans*, No. 2:02-cv-

5    01451-JKS, 2007 U.S. Dist. LEXIS 76571 at *22-23, 2007 WL 2900173 at *25-26 (E.D. Cal.

6    Sept. 28, 2007) (finding that admitting evidence on the "code of silence," which, according to

7    alleged news reports, protected "rogue correctional officer who brutalized and mistreated inmates

8    in the California state prison system," required a "strained…series of inferences" to apply to the

9    correctional officers there, and, if applied, would result in "delay and confusion on a full

10   exploration" of the issues and persons under investigation).

11      **IX.  ABANDONED ISSUES.**

12      No issues or defenses have been abandoned by Defendant.

13      **X.   DEFENDANT'S WITNESSES.**

14      1.    Defendant M. Gonzales (non-expert testimony)-Corcoran-may be contacted through

15   defense counsel.

16      2.    Correctional Officer G. Navarro (non-expert testimony)-Corcoran-may be contacted

17   through defense counsel.

18      3.    Correctional Counselor II P. Williams (non-expert testimony)-Corcoran-may be

19   contacted through defense counsel.

20      4.    Correctional Captain C. Brown (expert testimony)-Corcoran-may be contacted

21   through defense counsel.

22      5.    Associate Warden T. Snyder-(expert testimony)- CDCR Headquarters-may be

23   contacted through defense counsel.

24      6.    Former Correctional Sergeant S. Leon-Corcoran (non-expert testimony)-may be

25   contacted through defense counsel.

26      7.    B. Adam, Ph.D.-clinical psychologist (expert testimony)-Corcoran-may be contacted

27   through defense counsel.

28   / / /

8.      T. Sparks, ACSW (expert testimony)-Corcoran-may be contacted through defense counsel.

9.      R. Canning, Ph.D., (expert testimony) California Correctional Health Care Services, Elk Grove, California-may be contacted through defense counsel.

10.     Custodian(s) of records, Plaintiff's custody and medical files (non-expert testimony) – may be contacted through defense counsel.

11.     Defendant reserves the right to call witnesses not listed above for purposes of impeachment and/or rebuttal.

## XI.     DEFENDANT'S EXHIBITS.

1.      Abstracts of Judgment of Plaintiff.

2.      Abstracts of Judgment of Plaintiff's witnesses Fields and James.

3.      Rules Violation Report Log No. 4A2-15-05-45.

4.      Rules Violation Report to Plaintiff for Destruction of State Property Less than $400, identified by Plaintiff as Log No. 4A2-15-05-44.

5.      Relevant portions of Plaintiff's Central File, including documents pertaining to his classification history, bed history and disciplinary history; Classification Review dated July 11, 2016.

6.      Relevant portions of Plaintiff's Medical and Mental Health Records from 2015, including Health Care Services Requests dated June 28, 2015, July 21, 2015, September 3, 2015, and November 15, 2015, and Interdisciplinary Progress Notes dated July 7, 2015, August 4, 2015, September 8, 2015, November 16, 2015, and December 14, 2015.

7.      Relevant portions of California Code of Regulations, Title 15, and the CDCR Department Operations Manual concerning cell searches.

8.      Photographs and/or diagrams depicting where Plaintiff, Fields, and James were housed in May 2015.

9.      Defendant reserves the right to introduce additional documents for purposes of impeachment and/or rebuttal.

/ / /

8

**XII.  DISCOVERY DOCUMENTS.**

Defendant may introduce Plaintiff's deposition transcript, or portions thereof, for purposes of cross-examination, impeachment, or rebuttal.

**XIII. FURTHER DISCOVERY OR MOTIONS.**

**A.    Further Discovery.**

Discovery has closed and Defendant does not contemplate any further discovery.

**B.    Further Motions.**

Other than motions *in limine*, Defendant does not anticipate making any other pretrial motions. Defendant may bring motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and (b) during and at the close of trial.

**XIV. STIPULATIONS.**

Defendant offers to stipulate to the authenticity and admissibility of documents from Plaintiff's Central File and medical records.

**XV.  AMENDMENTS-DISMISSALS.**

Defendant does not intend to amend his pleadings.

**XVI. SETTLEMENT NEGOTIATIONS.**

Defendant suggests that a settlement conference would be productive.

**XVII.  AGREED STATEMENTS.**

Defendant does not believe that presentation of an Agreed Statement of Facts is feasible.

**XVIII.  SEPARATE TRIAL OF ISSUES.**

Defendant requests bifurcation of the trial on the issue of liability from presentation of evidence concerning the amount of punitive damages, if any.

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase. *Arthur Young & Co. v. U.S. Dist. Court (Kaufman)*, 549 F.2d 686, 697 (9th Cir. 1979). District courts have broad discretion to

9

1    bifurcate trials. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.

2    2004); *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

3        Evidence of a defendant's net worth, financial status, and other similar information simply

4    has no bearing or relevance to whether a defendant is liable for violating a Plaintiff's First and

5    Eighth Amendment rights. Indeed, evidence of a defendant's financial condition is not even

6    relevant to whether a defendant should be liable for punitive damages, and would be unfairly

7    prejudicial during the liability phase of trial. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 539

8    (1999) ("Where there is no evidence that gives rise to an inference of actual malice or conduct

9    sufficiently outrageous to be deemed equivalent to actual malice, the trial court need not, and

10   indeed should not, submit the issue of punitive damages to the jury.") (internal quotations and

11   alterations omitted); *see also Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991)

12   ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of

13   evidence is not admitted or desirable during the liability and compensatory damages phase of the

14   case.")

15       A defendant also has a right to financial privacy. *See Davis v. Leal*, 43 F. Supp. 2d 1102,

16   1110 (E.D. Cal. 1999) (quotations omitted) (The right to privacy "extends to financial privacy in

17   litigation, but . . . is subject to balancing the needs of the litigation with the sensitivity of the

18   information/records sought.").

19       Accordingly, permitting Plaintiff to introduce evidence or elicit testimony of Defendant's

20   financial status or net worth during the liability phase of the trial would be time consuming,

21   confusing, irrelevant, and invasive of Defendant's privacy rights—especially if the jury returns a

22   verdict in her favor. More importantly, it may unfairly influence the jury to find in favor of

23   Plaintiff if Defendant has a substantial net worth. The trial should, therefore, be bifurcated, and

24   evidence or testimony regarding Defendant's financial status introduced only if the jury finds that

25   Plaintiff is entitled to punitive damages.

26   **XIX. IMPARTIAL EXPERTS-LIMITATION OF EXPERTS.**

27       The Court's appointment of an impartial expert witness, or limitation on the number of

28   experts, is not necessary.

1  **XX.  ATTORNEYS' FEES.**

2     As Plaintiff is representing himself, he is not entitled to recover attorney's fees.

3  **XXI. TRIAL EXHIBITS.**

4     Defendant does not anticipate the need for special handling of trial exhibits. Defendant

5  does, however, request that the Court retain all exhibits pending disposition of any appeal, except

6  to the extent that the exhibits may be transmitted to the appellate court as part of the record on

7  appeal.

8  **XXII.  TRIAL PROECTIVE ORDER.**

9     In the event that Defendant is required to disclose information concerning his financial

10  status, Defendant respectfully requests that the Court issue a protective order concerning this

11  information under Local Rule 141.1(b)(2).

12  **XXIII.  MISCELLANEOUS.**

13     Defendant is unaware at this time of any additional information that might aid in the

14  disposition of the action. Should Defendant become aware of such information, he will promptly

15  notify the Court and Plaintiff.

16
17  Dated:  June 25, 2025                    Respectfully submitted,

18                                            ROB BONTA
                                             Attorney General of California
19                                            JOANNA B. HOOD
                                             Supervising Deputy Attorney General
20

21                                            */s/ R. Lawrence Bragg*
22                                            R. LAWRENCE BRAGG
                                             Supervising Deputy Attorney General
23                                            *Attorneys for Defendant M. Gonzales*

24  SA2018102931
    39115200
25

26

27

28

11

# CERTIFICATE OF SERVICE

Case Name:   **Sam Drake (J10892) v.**          No.   **1:17-CV-01500-KES-SAB**
             **Kernan, et al.**

I hereby certify that on <u>June 25, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

>  **DEFENDANT'S PRETRIAL STATEMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 25, 2025,</u> at Sacramento, California.

A. Zamora                              */s/ A. Zamora*
Declarant for eFiling                  Signature

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>June 25, 2025,</u> the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Sam Douglas Drake, 0624897
Fresno County Jail
1225 M Street
Fresno, CA 93712
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 25, 2025</u>, at Sacramento, California.

| I. Martinez | */s/ I. Martinez* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2018102931
39122157.docx