UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>            Plaintiff,<br><br>      v.<br><br>M, GONZALES,<br><br>            Defendant. | No. 1:17-cv-01500-KES-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(ECF No. 150) |

Plaintiff Sam Drake is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial on November 4, 2025.

Currently before the Court is Plaintiff's motion for the attendance of incarcerated witnesses, filed June 9, 2025. (ECF No. 150.) Defendant filed an opposition on June 24, 2025. (ECF No. 153.)

## I.

## LEGAL STANDARD

In determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wigginto s v. County

1

1   of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415,
2   1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the
3   inconvenience and expense of transporting inmate witness outweighed any benefit he could
4   provide where the importance of the witness's testimony could not be determined), abrogated on
5   other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

## II.

## DISCUSSION

The Court's A scheduling April 2, 2025 (ECF No. 149) requires Plaintiff to show that his proposed witnesses are willing to testify voluntarily in one of two ways: (1) through a sworn declaration by Plaintiff that the witness has informed Plaintiff he or she is willing to testify voluntarily, stating when and where the witness so advised Plaintiff, or (2) through a sworn declaration stating same by the witness himself or herself.

### A.   Attendance of Inmate Witnesses

Plaintiff's motion states that inmates Kevin Fields (CDCR No. P83425) and Robert James (CDCR No. E27713) both have personal knowledge of events that are relevant and material to this case.[1]  More specifically, inmate Fields will testify "as eye and ear witness" who saw Defendant "approach and leave 4A2L-cell-48, on May 21, 2025, and heard" Defendant Gonzales verbally say that he would not generate any RVRs for destroying state property if Plaintiff refrained from filing any 602 grievances against Defendant within the next 30 days.  (ECF No. 150 at 3.)  Fields will also testify that he observed Plaintiff two RVRs authored by Defendant Gonzales.  (Id.)  Inmate James will testify that Defendant Gonzales generated "reprisal" RVRs for Plaintiff making complains against Corcoran supervisors.  (Id. at 4.)  Plaintiff states that both inmate witnesses expressed their willingness to testify voluntarily when last spoke with them in 2015.  (Id.)

---

[1] The Court takes judicial notice of the California Department of Corrections and Rehabilitation's inmate locator which reflects that inmate Kevin Fields (P83425) is currently incarcerated at the California Health Care Facility, and inmate Robert James (E27713) is incarcerated at Folsom State Prison. See https://ciris.mt.cdcr.ca.gov/search.  The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

Defendant argues that Plaintiff has not demonstrated a present willingness to testify at trial since 2015.  Despite a showing of an inmate's present willingness to testify at trial, the Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. Alameda Cnty., 717 F.2d 466, 468 n. 1 (9th Cir.1983).  Defendant does not argue that these witnesses do not have relevant information that will substantially further the resolution of this case.  Because it appears inmate witnesses have relevant testimony that will not result in undue delay, a waste of time, or the needless presentation of cumulative evidence, Plaintiff's motion for the attendance of Kevin Fields and Robert James is granted.

**B.     Appearance by Videoconference**

Plaintiff further states that Fields and James agreed to testify remotely by way of videoconference.  (ECF No. 150 at 4.)

The Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards ..." Fed. R. Civ. P. 43(a).  Good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of the court proceedings. See, e.g., Lyons v. Leonhardt, No. 3:05-cv-400 JCM (VPC), 2013 WL 3807996, at *11 (D. Nev. July 19, 2013) (video conference testimony appropriate when witness was located more than 100 miles from the courthouse). "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) advisory committee notes (1996 Amendments). In addition, "[a]ppropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." Warner v. Cate, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

Defendant opposes this request stating Plaintiff has not established good cause or compelling circumstances to allow Fields or James to testify by videoconference under Federal Rule of Civil Procedure 43.  Defendant argues Plaintiff provides no reasons why these witnesses

3

could not be transported to this Court to testify in person. Defendant submits he intends to challenge the credibility of these witnesses by demonstrating that they could not have personal knowledge of the facts contained in Plaintiff's motion.

Here, beyond simply stating that inmates Fields and James agreed to testify remotely at trial, Plaintiff has failed to demonstrate good cause or compelling circumstances to warrant remote appearance of these witnesses. Therefore, Plaintiff's request is denied, without prejudice.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmates Kevin Fields and Robert James to appear at trial is GRANTED; and
2. Plaintiff's request that witnesses Fields and James appear remotely via videoconference is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4