UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M, GONZALES,<br><br>　　　　　Defendant. | No. 1:17-cv-01500-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 158) |

Plaintiff Sam Drake is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial on November 4, 2025, and a settlement conference is scheduled on October 2, 2025.

Currently before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 158.) Plaintiff seeks appointment of pro bono counsel to represent him at the settlement conference. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases. In determining whether
3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

6    In the present case, the Court does not at this time find the required exceptional
7 circumstances. Plaintiff argues that appointment of counsel is warranted because he suffers from
8 mild Dyslogia. Although the documentation attached to Plaintiff's motion reflects that in April
9 2012, it was noted that Plaintiff was identified with a disability/communication issue, and a staff
10 assistance was assisted from the classification committee hearing, "[e]ffective communication
11 was achieved by speaking slowly and clearly in English" and Plaintiff "reiterated in his own
12 words what was explained." (ECF No. 158, Ex. D.) The documentation attached to Plaintiff's
13 motion, dated over 13 years ago, fails to establish that his impairments constitute an exceptional
14 circumstance preventing him from litigating this action pro se. Further, a review of Plaintiff's
15 filings to date reflects that, despite any mild Dyslogia, Plaintiff has been able to articulate his
16 claims and litigate this action, including filing a pretrial statement and motion for attendance of
17 incarcerated witnesses, among numerous other filings. (ECF Nos. 150, 151.) In addition, the
18 Fresno Division of this Court has a very limited number of available pro bono counsel to
19 represent inmates in 1983 actions. However, Plaintiff is free to seek counsel on his own and if
20 counsel has agreed to represent him in this case counsel may contact Sujean Park for assistance in
21 arranging appointment. Accordingly, Plaintiff's motion for appointment of counsel is DENIED,
22 without prejudice.

IT IS SO ORDERED.

Dated:  **August 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2