Case Name: __DRAKE v. ML GONZALES__ Case #: __1:17-CV-1500-KES-SAB__

1   Your Name: __Sam Drake__

2   Your Address: __FCJ, 1225 "M" STREET__

3   __FRESNO, CA 93712__

4   Your Phone Number: __(559) 600-3636__

5   Self-Represented

FILED

SEP 02 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

6

7   __UNITED STATES EASTERN DISTRICT COURT__
                    (Name of Court)

8   __(FRESNO DIVISION)__
                    (Division)

9

10                                  Case No.: __1:17-CV-1500-KES-SAB__

11  __Sam DRAKE__                   PLEADING TITLE:

12      **Plaintiff ,**             __PLAINTIFF'S MOTION TO MODIFY__

13          And                     __THE TENTATIVE PRETRIAL ORDER__

14  __M. L GONZALES__               __(F.R.C.P. RULE 16(e))__

15      **Defendant**               __JUDGE : KIRK E. SHERIFF__

16                                  __ACTION FILED : NOV. 2017.__

17

18  __Pro Se Pro. Per PL. SAM DRAKE, MOVES FOR AN ORDER MODIFYING__

19  __THE COURT'S TENTATIVE PRETRIAL ORDER TO ADD A EXHIBIT,__

20  __CORRECT A STIPULATION AND CLARIFY HIS POINTS OF LAW PURSUANT__

21  __TO FEDERAL RULES OF CIVIL PROCEDURE RULE 16(e).__

22  __THIS MOTION IS BASED ON THE DRAKE DECLARATION, ALL FILES__

23  __AND RECORDS IN THE CASE, AND SUBSTANTIVE LAW BELOW.__

24  __DECLARATION OF SAM DRAKE__

25  __I, SAM DRAKE, HEREBY DECLARE :__

Pleading Title: __PL. MOT. TO MOD PRETRIAL ORDR__          Page __1__ of __8__

Case Name: DRAKE V M.L. GONZALES Case #: 1:17-CV-1500-KES-SAB

1. I AM PLAINTIFF PARTY, A U.S. CITIZEN OVER AGE 18, A LAYMAN AT LAW, PROCEEDING PRO SE;

2. I HAVE DIRECT KNOWLEDGE OF THE FACTS & ISSUES INVOLVED IN THIS CASE, CAN & WILL COMPETENTLY TESTIFY THERETO IN ANY USDC;

3. I HEREBY ASK THE COURT TO MODIFY ITS TENTATIVE PRETRIAL ORDER TO ADD ONE EXHIBIT, TO REPLACE ONE STIPULATION, TO ADD CLARIFIED POINTS OF LAW; & REQUEST FOR JUDICIAL NOTICE;

4. THE COURT CONDUCTED PRETRIAL CONFERENCE ON AUG. 11TH 2025; DURING THE ZOOM CONFERENCE IT WAS NOT MADE CLEAR THAT ANY OMISSIONS FROM THE PARTIES' PRETRIAL STATEMENTS WOULD CONSTITUTE WAIVER OR THAT THE ORDER FLOWING FROM THE CONFERENCE WOULD CONTROL THE TRIAL PROCEEDINGS;

5. PL. MISTAKENLY UNDERSTOOD THAT HE WOULD BE PERMITTED TO EXPLICITLY ASSERT / EXPAND HIS POINTS OF LAW, EXHIBITS, AND STIPULATIONS DURING TRIAL OR OTHERWISE CORRECT ANY OMISSIONS FROM HIS PRETRIAL STATEMENT AT TRIAL;

6. PL. ONLY LEARNED THAT ANY CAUSES OF ACTION ISSUES NOT EXPLICITLY ASSERTED IN HIS PRETRIAL STATEMENT AND THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL WOULD BE DISMISSED AND DEEMED WAIVED—AS RECENT AS AUGUST 18TH 2025, UPON RECEIVING THE COURT'S TENTATIVE PRETRIAL ORDER;

7. ON AUG. 14TH 2025, THE COURT ISSUED TENTATIVE PRETRIAL ORDER

Pleading Title: PL. MOT TO MOD PRETRIAL ORDER        Page 2 of 8

Case Name: _DRAKE_ v. _M L GONZALES_    Case #: _1:17 CV-01500-KES-SAB_

1   DIRECTING THE PARTIES TO FILE OBJECTIONS TO THE TENTATIVE PRETRIAL
2   ORDER (ECF No. 166) BY AUGUST 28TH 2025;
3
4   8. PL HEREBY OBJECTS THAT THE TENTATIVE PRETRIAL ORDER IS
5   INCOMPLETE AND FINALIZATION OF IT WOULD BE PREMATURE IN LIGHT
6   OF PL's REQUESTED MODIFICATIONS THERETO;
7   9. DFNT WOULD NOT BE UNDULY PREJUDICED BY THE COURT MODIFYING
8   ITS TENTATIVE PRETRIAL ORDER PRIOR TO ITS FINALIZATION TO ADD
9   PL's OMITTED EXHIBIT, POINTS OF LAW, STIPULATION, & REQUEST
10  FOR JUDICIAL NOTICE OF PL's USDC TESTIMONY;
11
12  10. PL WOULD SUFFER MANIFEST INJUSTICE IF THE EXPLICIT, PROPER, &
13  SPECIFIC LEGAL THEORY, STIPULATION FACT, EXHIBIT, AND REQUEST FOR
14  JUDICIAL NOTICE ARE NOT SUPPLEMENTED IN BECAUSE THAT WOULD
15  LIKELY REQUIRE THE COURT TO DISMISS/EXCLUDE PL CLAIM OR
16  ARGUMENT ON THE ISSUE(S);
17  11. PL's PROPOSED MODIFICATIONS ALL SUPPORT HIS THEORY
18  OF DFNT's RETALIATORY INTENT, MOTIVE, & LIABILITY;
19  12. PL INADVERTENTLY OMITTED THE INFORMATION FROM HIS
20  PRETRIAL STATEMENT DUE TO TIME PRESSURE, AND PRESSING PRO SE
21  CRIMINAL CASE LITIGATION IN STATE COURT (F22900456) WHICH
22  NEARLY MADE PL MISS HIS JUNE 4TH FILING DEADLINE;
23
24  13. APPROXIMATELY JULY 1ST 2025 PL RECEIVED DFNT's PRETRIAL
25  STATEMENT, DISCERNED NEED TO EXPAND/CLARIFY HIS OWN

Pleading Title: _PL. MOT. TO MOD PRETRIAL ORDER_    Page _3_ of _8_

Case Name: DRAKE V. M.J. GONZALES    Case #: 1:17-CV-01500-KES-SAB

1   POINTS OF LAW, AND IMMEDIATELY ROUGH DRAFTED NOTES FOR PRESENTATION

2   AT THE AUG. 11TH 2025 CONFERENCE, BUT (AS NOTED ABOVE AT ¶ 5, ¶ 4, FULLY

3   INCORPORATED BY REFERENCE HERE) PL. MISTAKENLY POSTPONED PRESENTATION;

4

5   14.  PL. DISCERNED NEED TO ADD OMITTED EXHIBIT- OF OIG INVESTIGATIVE

6   REPORTS - UPON READING CASELAW DURING THE WEEK OF AUG 10TH 16TH

7   2025;

8   15.  PL. DISCERNED THAT HIS STANDING STIPULATION ASKING DFNT TO WAIVE

9   FEES IS IMMATERIAL (ON AUG. 22ND 2025, WHILE READING CASELAW), AND

10  NEEDS TO BE REPLACED;

11  16.  PL. DISCERNED NEED TO REQUEST JUDICIAL NOTICE ONLY

12  RECENT AS AUGUST 18TH 2025 AFTER RECEIVING THE COURT'S

13  TENTATIVE PRETRIAL ORDER;

14

15

16  17.  ERRING ON THE SIDE OF CAUTION, PL. HEREBY ALTERNATELY ASKS THE

17  COURT TO GRANT PL. LEAVE TO FILE AN AMENDED PRETRIAL STATEMENT AND

18  CONCURRENTLY FILES HIS PROPOSED AMENDMENTS PURSUANT TO RULE 15 (FRCP)

19  (ATTACHED BELOW) BECAUSE AMENDMENT TO THE PRETRIAL STATEMENT

20  IS THE SINE QUA NON OF PRETRIAL ORDER MODIFICATION);

21

22  18.  ANY INCONVENIENCE TO THE COURT IS SLIGHT BECAUSE PL's

23  SOUGHT MODIFICATION REQUIRES ONLY A FEW TEXTUAL

24  ADDITIONS AND DELETIONS, INCREASES DOCUMENT SIZE BY ONLY

25  FOUR PAGES, AND BECAUSE THE ORDER IS YET TO BE FINALIZED;

Case Name: DRAKE v. M.L. GONZALES   Case #: 1:17-01-01500-KES-SAB

19. PL. MAKES THIS TIMELY REQUEST IN GOOD FAITH AND HAS NO INTENT TO WILLFULLY DELAY THE LITIGATION;

20. PL's ONLY WAY TO AVOID MANIFEST INJUSTICE (e.g. INVOLUNTARY CLAIM-ISSUE DISMISSAL OR EXCLUSION) IS BY THE USDC MODIFICATION OF ITS TENTATIVE PRETRIAL ORDER (ECF. 166);

21. ON JULY 13TH 2025, PL. RENEWED HIS MOTION FOR WITNESSES APPEARANCE VIA ZOOM; TOGETHER WITH A SEPARATE MOTION FOR APPOINTMENT OF LIMITED PURPOSE PRO BONO COUNSEL; (THEN WORKED ON STATE COURT MOTIONS PREPARATION FOR AUG 1ST 4TH AND 5TH, 2025 HEARINGS;)

22. PL. INTENDS TO SUBPOENA HIS OIG EXHIBIT FOR PRODUCTION AT TRIAL;

23. ALL OF THE ISSUES-CLAIMS IN PL. AMENDED PRETRIAL STATEMENT HAVE BEEN RAISED PREVIOUSLY DURING THE LITIGATION (e.g. IN COMPLAINT, OR IN SUMMARY JUDGMENT RECORDS,) AND DFNT HAS SET FORTH ITS COUNTER ARGUMENTS THERETO;

24. PL. ASKS THE COURT TO EXCUSE HIS MISTAKE OR NEGLIGENCE.

I DECLARE UNDER PENALTY OF PERJURY BY THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT.

DATE: AUGUST 28TH, 2025.

/S/ ~~Sam Drake~~

PRO SE, SAM DRAKE, DECLARANT

Pleading Title: PL. MOT. TO MOD. PRETRL ORDR    Page 5 of 8

Case Name: DRAKE v. M.L. GONZALES          Case #: 1:17-CV-01500-KES-SAB

1    LEGAL ARGUMENT

2    "RULE 16(e) OF THE FEDERAL RULES OF EVIDENCE PROVIDES THAT THE

3    COURT MAY MODIFY THE PRETRIAL ORDER ISSUED AFTER A [FINAL]

4    PRETRIAL CONFERENCE ONLY TO PREVENT MANIFEST INJUSTICE."

5    (ANGLO v. SKY CHEF INC. 535 F. 2d. 492 (9TH CIR 1976) "THE

6    MOVING PARTY BEARS THE BURDEN OF SHOWING MANIFEST INJUSTICE

7    WILL RESULT IF THE PRETRIAL ORDER IS NOT MODIFIED" (PHANTIDES

8    v. CITY OF SAN DIEGO, 2023 U.S. DIST. LEXIS 91066) "THE RULE

9    16(e) INQUIRY SHOULD START WITH A FOCUS ON THE PARTY SEEKING

10   THE AMENDMENT—THE PARTY CLAIMING MANIFEST INJUSTICE"..."THE

11   ORIGINAL FOUR PART TEST SET FORTH IN FIRST NATIONAL BANK

12   ACCOMPLISHES THIS OBJECTIVE AND REMAINS THE CONTROLLING PRECEDENT."

13   (McBROOM v. ETHICON INC, 341 F.R.D. 40. (9TH CIR USDC ARIZ 2022)

14   OUR CIRCUIT COURT INSTRUCTS THAT "AMENDMENT SHOULD BE PERMITTED

15   WHERE NO SUBSTANTIAL INJURY WILL BE OCCASIONED TO THE OPPOSING

16   PARTY, THE REFUSAL TO ALLOW THE AMENDMENT MIGHT RESULT IN

17   INJUSTICE TO THE MOVANT, AND THE INCONVENIENCE TO THE COURT IS

18   SLIGHT" (U.S. v. FIRST NAT'L BANK OF CIRCLE, 652 F. 2d. 882 (9TH CIR 1981) THE

19   FOURTH FACTOR IS WHETHER THERE EXIST" ANY DEGREE OF WILLFULNESS

20   OR BAD FAITH ON THE PART OF THE PARTY SEEKING MODIFICATION." AND

21   "THE PARTY OPPOSING AMENDMENT BEARS THE BURDEN OF SHOWING

22   PREJUDICE" (JCD PROGRAMS LTD. v. LEIGHTON, 833 F. 2d. AT 185

23   (9TH CIR 1987 — HELD THERE WAS NO PREJUDICE TO DFNT IN SETTING ASIDE

24   STIPULATION) (eg. SEE McCOY v. HOLGUIN, 2025 U.S. DIST. LEXIS

25   12312 — GRANTING MTN PRETRIAL ORDER TO ADD EXHIBIT INADVERTENTLY

Case Name: Drake v. M.J. Gonzales   Case #: 1:17-cv-01500-KES-SAB

1  omitted — (eg. Nuble v. Flores, 2012 U.S. Dist. Lexis 27976
2  — MTM granted to add two exhibits —)...(Miller v.
3  Aranas, 2021 U.S. Dist. Lexis 235842 — MTM granted to
4  add two additional claims —).
5     Similarly here, Pl. has inadvertently omitted one
6  exhibit, explicitly asserted claims-issues-
7  objections, and Judicial Notice Request/reservations,
8  and material stipulation from his Pretrial Statement.
9     A. No Bad Faith or Willfulness
10 There is no indication of willful delay or bad faith on Pl.
11 part by this timely modification request (Drk Decl. # 19).
12 Pl. submits that his omissions were due to inadvertence, mistake,
13 or excusable neglect (Drk Decl # 5, # 12, # 13) and asks the
14 court to excuse his mistake or negligence (Drk Decl # 24). Pl.'s
15 prior raising of the issue (Drk Decl. # 23) and his declaration
16 above indicate that the omission of the explicitly asserted points
17 of law, exhibit, stipulation, and RJN from his Pretrial Statement
18 was an honest mistake by Pl.
19    B. Manifest Injustice Absent Modification
20    Pl. submits that all of the sought modifications support Pl.
21 theory of Dfnt's intent, motive & liability (Drk Decl # 11).
22 Because Pl. cannot advance his theory if its issues are not
23 explicitly asserted in the Pretrial Statement & Pretrial order
24 Manifest injustice would result if amendment & modification
25 were denied (Drk Decl. # 10), in light of the court's

Pleading Title: Pl. Mot. To Mod Pretri order        Page 7 of 8

Case Name: DRAKE v. M.L. GONZALES    Case #: 1:17-CV-1500-KES-SAB

1  TENTATIVE PRETRIAL ORDER WARNING OF INVOLUNTARY DISMISSAL/WAIVER
2  (TPO ECF. No. 166 @ pg. 11:26-28). HERE, THE INJUSTICE IS REAL
3  AND CAN BE PREVENTED ONLY BY MODIFICATION OF THE ORDER (DRK DECL. ¶20)

4      C.  NO UNDUE PREJUDICE TO DEFENDANT

5      DEGREE OF PREJUDICE/SURPRISE TO DEFT IS MINIMAL → NONE (DRK
6  DECL ¶9).

7      D.  SLIGHT IMPACT ON THE COURT

8      PL. SOUGHT MODIFICATION WOULD CAUSE ONLY SLIGHT INCONVENIENCE
9  TO THE USDC (DRK DECL. ¶18), BECAUSE IT REQUIRES JUST A FEW
10 TEXTUAL ADDITIONS & DELETIONS, AND BECAUSE THE TENTATIVE
11 PRETRIAL ORDER IS YET TO BE FINALIZED, BUT MOREOVER IT WILL
12 NOT IMPACT THE LENGTH OF TRIAL OR SCHEDULE ALTERATION.
13 "AMENDMENT SHOULD BE PERMITTED" (U.S. v. FIRST NAT'L BNK OF CIRCLE),
14 (9TH CIR 1981) (SUPRA).

15                    CONCLUSION

16     ACCORDINGLY, THE COURT SHOULD GRANT THE MOTION & MODIFY
17 ITS TENTATIVE PRETRIAL ORDER CONSISTENT WITH PL's AMENDED
18 PRETRIAL STATEMENT AND AS THE COURT DEEMS PROPER.

19

20

21

22
                        RESPECTFULLY SUBMITTED,
23
24 DATED: AUGUST 28TH 2025.

25              /s/ Sam Drake
                SAM DRAKE, PRO SE    MOVANT

Pleading Title: PL. MOT. TO MOD. PRETRL ORDR          Page 8 of 8

*Case No.: 1:17-CV-1500-KES-SAB*

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and ____ a party to the within cause of action. That on this date I did cause a true and correct copy of: "*PLAINTIFF'S MOTION TO MODIFY THE TENTATIVE PRETRIAL ORDER TO ADD AN EXHIBIT, REPLACE A STIPULATION, CLARIFY EVIDENTIARY ISSUES & POINTS OF LAW & RJN;*" to be served on the parties to the action by:

☑ depositing same in the U.S. Mail with first class postage prepaid and

addressed as follows:    *OFFICE OF THE CLERK UNITED STATES EASTERN DISTRICT COURT 2500 TULARE STREET, RM 1501 FRESNO, CA 93721*

☐ delivering same in person to the address as follows and placing into the control of the below listed party or representative:

*R. LAWRENCE BRAGG, DEP ATTY GEN. SBN 119194 DEPT. OF JUSTICE, 1300 "I" STREET, STE 125 SACRAMENTO, CA 94244-2550*

☐ by faxing said document to the following telephone number:

Executed this 25th day of AUGUST _____, 20 25, under penalty of perjury in Fresno, California.

/s/ *Sam Drake*

*SAM DRAKE, PRO SE,* Declarant

PROPOSED AMENDED PRETRIAL STATEMENT
= 14 PAGES.

ATTACHMENT - A

Case Name: DRAKE V. GONZALES    Case #: 1:17-CV-01500-KES-SAB

1   Your Name: SAM DRAKE

2   Your Address: FCJ, 1225 "M" STREET

3   FRESNO, CA 93712

4   Your Phone Number: (559) 600-3636

5   Self-Represented

6

7   UNITED STATES EASTERN DISTRICT COURT
    (Name of Court)

8   (FRESNO DIVISION)
    (Division)

9

10  Case No.: 1:17-CV-1500-KES-SAB

11  Sam Drake

    PLEADING TITLE:

12  Plaintiff,    PLAINTIFF'S PRETRIAL STATEMENT

13  And    (AMENDED)

14  M.D. GONZALES    (LR 281)

15  Defendant    Judge/Dept: HON. KIRK E. SHERIFF / CRM 6

16

17

18      PURSUANT TO THE REQUIREMENTS OF LOCAL RULE 281,

19  PRO SE PLAINTIFF, SAM DRAKE, SUBMITS THE FOLLOWING

20  PRETRIAL STATEMENT :

21

22  I.          JURISDICTION & VENUE

23  1.              JURISDICTION

24  JURISDICTION IS PROPER IN THIS COURT PURSUANT TO 42 USC §1983;

25  VENUE IS PROPER IN THIS COURT PURSUANT TO 28 USC §1391 (b)(1)-(3);

Pleading Title: PRETRIAL STMT (AMENDED)    Page 1 of 14

Case Name: DRAKE v. GNZALES    Case #: 1:17-CV-01500-KES-SAB

1   THERE ARE NO DISPUTES CONCERNING JURISDICTION OR VENUE.

2   II.                        JURY

3   2. PL. HAS PROPERLY DEMANDED A JURY TRIAL UNDER RULE 38.

4

5   III.        UNDISPUTED FACTS        = 12

6   1   IT IS UNDISPUTED FACT THAT DFNT KNEW PL. FILED SEVERAL

7   INFORMAL REQUEST & FORMAL GRIEVANCE FORMS SEEKING BASIC

8   NECESSITIES / REPORTING STAFF DEPRIVATIONS THEREOF FROM APRIL

9   6TH 2015 THRU MAY 20TH 2015; AND HAD COPIES OF LEGAL NOTES,

10  COMPLAINTS, ETC. DETAILING STAFF MISCONDUCT INSIDE HIS CELL;

11  2 THAT PL. WAS PUNISHED WITH 30-DAYS LOP FOR THE RVR

12  (# 4A2-15-05-045), THAT DFNT INTENDED FOR PL. TO SUFFER SUCH LOSS;

13  3   THAT PL. DID NOT POSSESS OR USE INTOXICANTS;

14  4   THAT PL. FILED GRIEVANCE AGAINST WARDEN FOR PL. BEING

15  REPEATEDLY DRUG TESTED UNDER THREAT OF DISCIPLINE;

16  5   THAT PL. COMPLIED WITH THE DRUG TESTING;

17  6   THAT DFNT GONZALES LED TWO-ON-ONE ESCORT OF PL.

18  TO OFF-UNIT HOLDING CELL AREA FOR URINE SAMPLE COLLECTION

19  THEN ABANDONED THE ESCORT TO GO SEARCH PL. CELL ON MAY

20  20TH 2015, AND REJOINED THE ESCORT APPROXIMATELY 45

21  MINUTES LATER RETURNING PL. TO CELL #48.

22  7   THAT DFNT. GENERATED A RULE VIOLATION REPORT ON

23  MAY 28TH, 2015, IN CONNECTION WITH THE MAY 20TH 2015 DRUG

24  TEST ESCORT AND CELL SEARCH (LOG # 4A2-15-05-045).

25  8   THAT DFNT GENERATED A GENERAL CHRONO WANING

Pleading Title: PL. PRETRIAL STMT (AMENDED)        Page  2  of  14

Case Name: DRAKE V. GONZALES    Case #: 1:17-CV-01500-KES-SAB

1  PL.'S ATTENDANCE AT THE HEARING OF THAT RVR ON JUNE
2  28th 2015; THAT PL. NEVER GRIEVED THE CELL SEARCH;
3  9 THAT PL. RECEIVED A CONVICTION ON RVR # 4A2-15-05-045
4  ON JUNE 28th, 2015;
5  10 THAT PL. FILED REQUESTS, MEMO, GRIEVANCE, &
6  MENTAL HEALTH SERVICES REQUESTS ALERTING CSP-COR
7  SERGEANT, CAPTAIN, WARDEN, AND PSYCHOLOGIST THAT
8  HE HAD RECEIVED TWO FALSE RETALIATORY RVRS BY
9  DFNT GONZALES AND WAS AFFLICTED WITH FEAR -TERROR
10 OF FURTHER REPRISALS JUNE - SEPT. 2015;
11 11 THAT PL. WAS BECOMVED TO A DIFFERENT UNIT ON
12 SEPTEMBER 9th, 2015, IN CONNECTION WITH DFNT GONZALES'
13 REPRISALS AGAINST PL. 12 THAT PL. RECEIVED NO FORENOTICE THAT
14 HE WOULD BE ISSUED TWO RVRS BY DFNT MAY 20th - 28th, 2015.
15
16 IV.           DISPUTED FACTS        = 23
17     THE FACTS IN DISPUTE ARE : THAT PL. GAVE
18 KEY EYEWITNESS TESTIMONY IN USDC AGAINST CSP-COR CORANS
19 CORRUPT PRISON GUARD GANG (" GREENWALL "), THAT DFNT
20 M.A. GONZALES IS A GREENWALL MEMBER; THAT DFNT KNEW
21 PL. TESTIFIED IN FEDERAL COURT AGAINST CSP-COR GREENWALL;
22   THAT DFNT HAD RESENTFUL RETALIATORY ANIMUS AGAINST
23 PL. AND EXPRESSED SUCH TO G.P. PRISONERS PRIOR TO
24 ISSUING RVRS TO PL. APRIL - MAY 2015;
25   THAT DFNT HAS HISTORY OF ISSUING RETALIATORY RVRS

Pleading Title: PL. PRETRIAL STMT (AMENDED)           Page 3 of 14

Case Name: _DRAKE v. GONZALES_     Case #: _1:17-CV-01500-KES-SAB_

1  TO PRISONERS HE / GREENWALL HAD TARGETED AS 'SNITCHES';

2  THAT DFNT LABELED PL AS A SNITCH WHO FILES COMPLAINTS

3  AGAINST STAFF;

4  THAT DURING THE MAY 20th 2015 DRUG TEST ESCORT PL.

5  TOLD DFNT ABOUT PL. GRIEVANCE REGARDING THE UNNECESSARY

6  DRUG TESTING OF PL;

7  THAT DFNT HAD RETALIATORY MOTIVE FOR SEARCHING PL.

8  CELL; THAT DFNT ADMITTED HAVING READ PL's LEGAL

9  PAPER WORK DURING HIS CELL SEARCH.

10  THAT DFNT THREATENED TO ISSUE UNWARRANTED RVRs

11  TO INCREASE PL. TIME IN PRISON IF PL. REPORTED THE ROUTINE CELL SEARCHES;

12  THAT DFNT, ON MAY 21st 2015, STATED HE (GONZALES)

13  WOULD NOT CHARGE (ISSUE RVR) PL FOR DESTRUCTION OF STATE

14  PROPERTY, BUT INSTEAD WOULD HOLD ONTO THE TRUST ACCOUNT

15  WITHDRAWAL ORDER FOR 30 DAYS TO MAKE SURE PL. FILES NO 602;

16  THAT DFNT HAD RETALIATORY MOTIVE FOR ISSUING RVRs TO

17  PL. IN MAY 2015; THAT DFNT FILED A SEPARATE OTHER RVR

18  TWO DAYS EARLIER ON MAY 26th 2015 (LOG # 4A2-15-05-044);

19  THAT DFNT IS FULLY LIABLE FOR DAMAGES;

20  THAT DFNT CAUSED ANY INJURY TO PL.;

21  THAT DFNT DEPRIVED PL. OF PL. RIGHT TO SEEK REDRESS

22  OF GRIEVANCES FREE OF REPRISAL IN VIOLATION OF THE FIRST

23  AMENDMENT, AND DEPRIVED PL. OF SUCH RIGHT WHILE ACTING

24  UNDER COLOR OF STATE LAW IN VIOLATION OF 42 USC §1983;

25  THAT DFNT ISSUANCE OF THE TWO RVRs DID TO SOME

Pleading Title: _PL. PRETRIAL STMT (AMENDED)_     Page _4_ of _14_

Case Name: _DRALLO v. ML GONZALES_ Case #: _1:17-CV-1500 KES-SAB_

1  EXTENT CHILL PL. EXERCISE OF HIS FIRST AMENDMENT RIGHTS; THAT

2  THE TWO RVRS WERE ISSUED TO PL. BECAUSE PL. HAD BEEN NOTIFYING

3  CUSTODY SUPERVISORS OF MISCONDUCT DONE BY DFNT & OTHER GUARDS-

4  THAT AFFECTED PL ADVERSELY; THAT THE TWO RVRS DID NOT ADVANCE

5  ANY LEGITIMATE CORRECTIONAL GOAL BECAUSE THEY WERE UNWARRANTED/

6  FALSE; THAT PL. IS ENTITLED TO ANY /ALL RELIEF; THAT DFNT

7  WILLFULLY ISSUED BOTH RVRS SOLELY TO TERRORIZE & INJURE PL.

8

9  V.        DISPUTED  EVIDENTIARY  ISSUES

10  PL. ANTICIPATES THAT DFNT WILL DISPUTE THE AUTHENTICITY OF

11  RULES VIOLATION REPORT # 4A2-15-05-044, AND WILL ATTEMPT TO

12  INTRODUCE EVIDENCE OF CRIMINAL FORGERY. (DFNT'S DISCLOSURE OF

13  EXPERT WITNESSES (at 2.) PL. CONTENDS THAT SUCH EVIDENCE WOULD

14  BE INADMISSIBLE IN QUALIFIED EXPERT OPINION. MOREOVER, PL.

15  CONTENDS THAT THE RELEVANCE OF SUCH EVIDENCE WOULD BE SUBSTANTIALLY

16  OUTWEIGHED BY UNDUE PREJUDICE RESULTING TO PL., CONFUSING THE ISSUES,

17  MISLEADING THE JURY AND WASTING TIME. (FED. R. EVID. 401-403).

18  PL. OBJECTS TO ANY OPINION TESTIMONY FROM DFNT AND ANY PRESENT

19  OR FORMER PRISON OFFICIAL CALLED BY DFNT CONCERNING MATTERS THAT

20  CALL FOR DOCUMENT AUTHENTICATION /HANDWRITING ANALYSIS EXPERTISE.

21  PL. ANTICIPATES A DISPUTE REGARDING THE ADMISSIBILITY OF DFNT'S

22  PAST BAD ACTS, HABITS, & AFFILIATION. See FED R. EVID. 404(b), 406.

23  PL. INVOKES THE 'RESIDUAL EXCEPTION' OF RULE 807, AS TO ANY

24  TESTIMONY /DECLARATION WHICH MAY OR MAY NOT CONTAIN HEARSAY.

25  FED. R. EVID. 807.

Pleading Title: _PL PRETRL STMT (AMENDED)_        Page _5_ of _14_

Case Name: PRINCE v. M.L. GONZALES   Case #: 1:17-CN-1500-KES-SAB

1  PL. RESERVES OBJECTIONS TO SPECIFIC TESTIMONY AND EXHIBITS UNTIL SUCH
2  TIME AS PL. HAS HAD THE OPPORTUNITY TO HEAR SUCH TESTIMONY AND EXAMINE
3  SUCH EXHIBITS, AND RESERVES JUDICIAL NOTICE OF COURT RECORDS OF OTHER CASES.
4   VI.    SPECIAL FACTUAL INFORMATION
5  THE CLAIMS IN THIS CIVIL RIGHTS ACTION DO NOT FALL UNDER ANY OF THE SPECIFIC ACTIONS
6  LISTED IN LOCAL RULE 281 (b)(6).
7   VII    RELIEF SOUGHT
8  PL. SEEKS AN AWARD OF NOMINAL, COMPENSATORY, PUNITIVE DAMAGES
9  AS WELL AS A DECLARATORY JUDGMENT.
10  VIII.   POINTS   OF   LAW
11  A.  FIRST AMENDMENT RETALIATION
12  "THOSE IN CUSTODY MAY NOT BE RETALIATED AGAINST FOR USE OF GRIEVANCE
13  SYSTEM." (HINES v. GAMEZ, 108 F.3d 265 (9TH CIR. 1997)); ALSO,
14  "INDIVIDUALS MAY NOT BE PENALIZED FOR EXERCISING THE RIGHT TO REDRESS OF
15  GRIEVANCES." (BRADLEY v. HALL, 64 F.3d 1276 (9TH CIR 1995)); AS WELL
16  "TO SHOW THAT AN ADVERSE ACTION WAS TAKEN 'BECAUSE OF' THEIR
17  PROTECTED CONDUCT, A PL. MUST ALLEGE FACTS SHOWING THE PROTECTED
18  CONDUCT WAS "THE MOTIVATING FACTOR BEHIND THE DFNT'S CONDUCT," AND ...
19  A 'THREAT OF HARM' MAY CONSTITUTE AN ADVERSE ACTION" (BRODHEIM
20  v. CRY, 584 F.3d 1262 (9TH CIR 2009)); "THE USE OF AN INTERNAL
21  GRIEVANCE PROCEDURE CONSTITUTES 'PROTECTED CONDUCT' FOR THE PURPOSE
22  OF A FIRST AMENDMENTMENT RETALIATION CLAIM." (RHODES v. ROBINSON,
23  408 F.3d 559 (9TH CIR 2005)); "AS ARTICULATED IN (AUSTIN), PL. INJURY
24  CAN BE ATTRIBUTED TO DFNT'S RETALIATORY ACT IF PL. CAN SHOW THAT THE
25  DEPRIVATION HE SUFFERED WAS THE NATURAL & PROXIMATE RESULT OF THE

Pleading Title: PL. PRETRIAL STMT (AMENDED)   Page 6 of 14

Case Name: DRAKE V. M.L. GONZALES    Case #: 1:17-CV-1500-KES-SAB

1  RETALIATORY ACT." (AUSTIN V. TERHUNE, 367 F. 3d. 1167 (9th CIR

2  2004) - AS CAUSATION -) "AS (SHEPARD RECOGNIZED "A

3  PRISON OFFICIAL WHO USES A VALID PROCEDURE AS SUBTERFUGE TO

4  OBSCURE RETALIATION CANNOT ASSERT THAT [HIS ACTIONS] SERVED

5  A VALID PENOLOGICAL PURPOSE", EVEN THOUGH THE PRISONER MAY

6  HAVE ENDED UP WHERE HE BELONGED." (BRUCE V. YLST, 351 F.

7  3d. 1283 (9th CIR 2003))

8     B.  QUALIFIED IMMUNITY DOES NOT APPLY

9        "THE PROHIBITION AGAINST RETALIATORY PUNISHMENT IS CLEARLY

10 ESTABLISHED LAW IN THE 9th CIRCUIT, FOR QUALIFIED IMMUNITY

11 PURPOSES." (RHODES V. ROBINSON, 408 F. 3d. 559 (9th CIR 2005));

12 "ITS ALSO CLEARLY ESTABLISHED THAT PRISONERS HAVE A FIRST

13 AMENDMENT RIGHT TO FILE GRIEVANCES AGAINST PRISON OFFICIALS AND TO

14 BE FREE FROM RETALIATION FOR DOING SO." (WATISON V. CARTER,

15 668 F. 3d. 1108 (9th CIR 2012))

16    C.   TIME PROXIMITY OF RETALIATORY ACT(S)

17       "DISPARATE TREATMENT WITHIN 120-DAYS AFTER FILED

18 COMPLAINT IS REBUTTABLE PRESUMPTION OF RETALIATION"

19 (W & I C § 5550). < CASELAW RESERVED HERE >.

20    D.   COMPENSATORY DAMAGES

21       (9th CIRCUIT AFFIRMED JURY VERDICT FOR INCARCERATED PERSON

22 EVEN THOUGH THE RETALIATORY ACT (FALSE RVR) WAS SEPARATED FROM

23 THE HARM THAT PL. SUFFERED (10-DAYS ASU, AND LOP) BY AN

24 INDEPENDENT REVIEW COMPLETED BY AN INDEPENDENT OFFICER) -

25 (HINES V. GAMEZ, 108 F. 3d 265 (9th CIR 1997). PL. CONTENDS

---

Pleading Title: PL. PRETRIL STMT (AMENDED)    Page  7  of  14

Case Name: DRAKE V. M.L. GONZALES    Case #: 1:17-CV-1500-KES-SAB

1  THAT "SINCE 1ST AMEND VIOLATIONS RARELY IF EVER RESULT IN PHYSICAL
2  INJURIES, CONSTRUCTION OF PLRA AGAINST RECOVERY OF DAMAGES
3  WILL DEFEAT CONGRESSIONAL INTENT & RENDER CONSTITUTIONAL
4  PROTECTIONS MEANINGLESS" (SIGGERS-EL V. BARLOW, 433 F. SUPP. 2d.
5  811 (2006), § 1997e(e)'s BAR DOES NOT APPLY TO PL's CASE.

6     E.    PUNITIVE DAMAGES

7     "PUNITIVE DAMAGES ARE ASSESSED AGAINST A DFNT TO FURTHER
8  SOCIETY'S INTEREST IN PUNISHING AND DETERRING CERTAIN CONDUCT
9  THAT INVADES UPON THE RIGHTS OF OTHERS" (SMITH V. WADE, 461 U.S.
10  30 (1983) 103 S. CT. 1625), "PUNITIVE DAMAGES MAY BE AVAILABLE
11  EVEN IN CIRCUMSTANCES WHERE PL. IS UNABLE TO SHOW COMPENSABLE
12  INJURY" (id AT 55), ALSO (DAVIS V. MASON CO. 927 F. 2d.
13  1473 (9TH CIR 1991)) eg. SEE (VANDINGHAM V. MOEN, 1992 U.S.
14  APP. LEXIS 11584 (9TH CIR 1992) "WHEN A DFNT RETALIATES AGAINST
15  A PL's EXERCISE OF HIS FIRST AMENDMENT RIGHTS, DFNT NECESSARILY
16  ACTS WITH THE PURPOSE OF INFRINGING UPON PL's FEDERALLY PROTECTED
17  RIGHTS ... THUS, A DFNT WHO HAS BEEN FOUND LIABLE FOR 1ST
18  AMEND RETALIATION HAS ENGAGED IN CONDUCT THAT WARRANT
19  CONSIDERATION OF AN AWARD OF PUNITIVE DAMAGES" (KING V.
20  ZAMIARA, 788 F. 3d. 207 (6TH CIR 2015) eg. (PERCELLE V. PEARSON,
21  2017 U.S. DIST. LEXIS 36450 — #335 K COMP & #200K PUN —)
22  AND (HOWARD V. GROOVER, 706 F. SUPP 3d. 1090 (2023) — $5K COMP
23  & $45K PUN—) [DEGREE OF REPREHENSIBILITY CONTROLS JURY DETERMINATION
24  OF PUNITIVE DAMAGES] (MENDEZ V. SAN BERNARDINO COUNTY, 540 F. 3d. 1109
25  (2008))     (BMW V. GORE, 517 U.S. 559 (1996))

Case Name: DRAKE V. M.L GONZALES    Case #: 1:17-cv-1500-KES-SAB

1  F.    EVIDENCE OF PL'S PRIOR CONVICTION IS BARRED

2    RULE 609(b) PROVIDES THAT: "ANY EVIDENCE OF PRIOR

3  FELONY CONVICTION 10 OR MORE YEARS PAST MAY NOT BE ADMITTED

4  IF ITS PROBATIVE VALUE IS OUTWEIGHED BY ITS PREJUDICIAL EFFECT."

5   ( FED. R EVID. 609(b).)

6    G.   IMPEACHMENT BY EVIDENCE OF DFNT'S PAST ACTS

7    RULE 404(b) PROVIDES THAT: " EVIDENCE OF PRIOR CRIMES,

8  WRONGS OR ACTS ... MAY BE ADMISSIBLE ONLY FOR SUCH PURPOSES

9  AS: PROOF OF MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN,

10  KNOWLEDGE, IDENTITY, OR ABSENCE OF MISTAKE OR ACCIDENT."

11   ( FED. R EVID. 404(b).) PL. CONTENDS THAT DFNT'S PAST MISCONDUCT

12  IS HIGHLY PROBATIVE /INDICATIVE OF HIS INTENT, MOTIVE, PLAN, KNOWLEDGE.

13  ACCORDINGLY, PL. WILL SEEK TO IMPEACH THE TRIAL TESTIMONY OF DFNT

14  OR ANY OF DFNT'S WITNESSES WITH EVIDENCE OF ANY PAST MISCONDUCT.

15    H.   "GREEN WALL" CORCORAN SHARKS GANG IS RELEVANT

16     " EVIDENCE OF GREENWALL [GANG] MEMBERSHIP IS

17  RELEVANT" ( KILGORE V. CLANIJO, 2021 U.S. DIST. LEXIS 267162)

18  — GRANTING DISCOVERY OF DFNT'S 15 YEARS PRIOR MISUSE OF FORCE

19  AND SUBSEQUENT EMPLOYMENT TERMINATION, AND HOLDING "DFNT

20  PERSONNEL FILE DISCLOSURE RISK WAS CONTAINED BY PROTECTIVE ORDER"

21  ON RETALIATION CLAIM (N.D. CAL)—); ALSO "OIG GREENWALL

22  INVESTIGATION REPORT IS RELEVANT" ( PARRISH V. SOLIS, 2014 U.S.

23  DIST. LEXIS 75513 — PERMITTING DISCOVERY OF OIG GW EVIDENCE,

24  ON CONSPIRACY/MISUSE OF FORCE CLAIM (N.D CAL)—);

25    I.   IMPEACHMENT BY EVIDENCE OF HABIT /ROUTINE PRACTICE

Case Name: DRAKE v. GONZALES    Case # 1:17-CV-1500-KES-SAB

1   FOR RULE 406 PROVIDES THAT: "EVIDENCE OF A PERSONS HABIT OR
2   AN ORGANIZATIONS ROUTINE PRACTICE MAY BE ADMITTED TO PROVE THAT
3   ON A PARTICULAR OCCASION THE PERSON OR ORGANIZATION ACTED IN ACCORD
4   WITH THE HABIT OR ROUTINE PRACTICE." (FED R. EVID. 406) REGARDLESS
5   OF WHETHER THE EVIDENCE IS CORROBORATED OR WHETHER THERE WAS
6   AN EYEWITNESS. PL. CONTENDS THAT DFNT ACTED IN ACCORD WITH HIS HABIT &
7   GW ES &' ROUTINE PRACTICE(S) IN APRIL-MAY 2015. PL. FURTHER CONTENDS
8   THAT THE ROUTINE PRACTICES OF DFNTS GANG INCLUDE BUT ARE NOT LIMITED
9   TO: 1. PHYSICALLY HUMILIATING DURING PAT-DOWN/STRIP SEARCHES. 2. ISSUING
10  UNWARRANTED/FALSE RVRS, 3. GENERATING FALSE ASU LOCK-UP ORDERS,
11  4. RANSACKING PROPERTY AND READING LEGAL DOCUMENTS DURING
12  CELL SEARCHES, 5. PRE-ARRANGING/SOLICITING PRISONER-ON-PRISONER
13  VIOLENT FIGHTS/ATTACKS, 6. ARRANGING UNSAFE BEDMOVES, 7. CONDUCTING
14  BRUTAL BEATINGS, 8. STAGING UOF EVENTS, 9. STACKING RVRS, 10. SNITCH
15  LABELING, ETC.
16  J.   JUDICIAL NOTICE
17      "THE COURT MAY JUDICIALLY NOTICE ITS OWN RECORDS OF OTHER CASES."
18  (FED R. EVID. 201(b)(2))
19      IX.         ABANDONED ISSUES
20  PL. ABANDONS ONLY HIS RELIEF REQUEST THAT DFNT PAY PL. FUTURE MEDICAL
21  EXPENSES.
22      X.          WITNESSES
23      PL.'s WITNESSES WILL ATTEND TRIAL IN PERSON AND ARE
24  LISTED AS FOLLOWS:
25      (a) WITNESS #1: KEVIN E. FIELDS (CDCR# P. 83425)

Pleading Title: PL. PRETRIAL STMT          Page 10 of 14

"PL. SUBMITS, THAT THE PROBATIVE VALUE OF

HIS END OUTWEIGHS

ANY SEMBLANCE OF UNFAIR PREJ TO DFNT,

SHALL NOT CONFUSE THE ISSUES, MISLEAD THE

JURY, OR CAUSE UNDUE DELAY, OR WASTE

TIME."

" DFNT PRIOR ACTS / PLANS OF RELATED RETALIATIONS

OR ARE HIGHLY PROBATIVE OF HIS INTENT

AND PLAN IN MAY 2015"

"PL INVOKES THE 'RESIDUAL EXCEPTION

OF RULE 807, AS TO ANY WITNESS

TESTIMONY / DECLARATION WHICH MAY OR

MAY NOT CONTAIN HEARSAY"

Case Name: DRAKE v. GONZALES    Case #: 1:17-cv-1500-KES-SAB

1. ADDRESS : CDCR PRISON.
2. EXPECTED TESTIMONY : ISSUANCE OF RETALIATORY RVRs AND
3. OTHER RELEVANT RETALIATORY ACTS BY DFNT.

4.

5. (b) WITNESS #2, ROBERT JAMES (CDCR # E-27713)
6. ADDRESS : CDCR PRISON.
7. EXPECTED TESTIMONY : DFNT'S HISTORY OF TARGETING PRISONERS
8. FOR RETALIATION AND CRIMINAL PROSECUTION VIA FALSE RVR
9. ISSUANCE, INTER ALIA.

10.

11. XI.    EXHIBITS
12. PL EXPECTS TO OFFER THE FOLLOWING EXHIBITS AT TRIAL:

13.

14. (a) EXHIBIT - B, CELL INSPECTION RECEIPT (APRIL 6TH, 2015);
15. (b) EXHIBIT - A, REQUESTS TO SGT. LEON (APRIL 6TH, 7TH MAY
16.    20TH, AND AUGUST 25TH 2015);
17. (c) EXHIBIT - C, MEMO TO CPT. CISNEROS (JUNE 3RD 2015);
18. (d) EXHIBIT - D, EMERGENCY REQUESTS TO SGT. LEON (JUNE 29TH
19.    AND SEPTEMBER 8TH 2015);
20. (e) EXHIBIT - E, R. JAMES DECLARATION (JUNE 28TH 2015);
21.    K. FIELDS DECLARATION (MAY 21ST 2015);
22.    K. FIELDS DECLARATION (MAY 20TH 2015);
23.    K. FIELDS DECLARATION (MAY 8TH 2015);
24.    K. FIELDS DECLARATION (APRIL 23RD 2015);
25. (f) EXHIBIT - F, RVR # 4A2-15-05-044 (MAY 26TH 2015) PKT;

Pleading Title: PL. PRETRIAL STMT    Page 11 of 14

Case Name: DRAKE v. GONZALES   Case #: 1-17-CV-1500-KES-SAB

1  (G) EXHIBIT- G, RVR # 4A2-15-06-046 (MAY 28TH 2015) PKT,

2  / RVR HEARING WAIVERS (JUNE 28TH 2015) PKT;

3  (H) EXHIBIT-H, GRIEVANCES FILED APRIL-SEPT. 2015;

4  (I) EXHIBIT - I, MENTAL HEALTH REQUESTS (JUNE 3rd, 2015 -

5  EMERGENCY), (JUNE 28TH 2015), (JULY 21ST 2015 -

6  URGENT), (SEPT. 3rd, 2015);

7  (J) O.I.A INVESTIGATIVE REPORTS 2015 - 2018.

8  (K) < RESERVED >

9

10

11  XII.    DISCOVERY DOCUMENTS

12  PL. DOES NOT ANTICIPATE OFFERING ANY DISCOVERY DOCUMENTS

13  AT TRIAL.

14

15  XIII.    DISCOVERY  MOTIONS

16  PL. DOES NOT INTEND TO FILE ANY REQUEST FOR FURTHER

17  DISCOVERY PRETRIAL; BUT RESERVES THE RIGHT TO MAKE

18  SUCH REQUEST DURING TRIAL IF NEED ARISES.

19

20  XIV.    STIPULATIONS

21  PL. REQUESTS THAT DFNT STIPULATE TO THE VERACITY AND

22  AUTHENTICITY OF ALL OFFICE OF INSPECTOR GENERAL INVESTIGATIVE

23  REPORT DOCUMENTS.

24  XV.    AMENDMENTS

25  NO AMENDMENT TO THE OPERATIVE COMPLAINT ARE NECESSARY.

Pleading Title: PL. PRETRIAL STMT          Page 12 of 14

Case Name: DRAKE v. GONZALES   Case #: 1:17-CV-1500-KES-SAB

1  [illegible]

2  [illegible]

3  [illegible]

4  **XVI.    SETTLEMENT NEGOTIATIONS**

5      PL. BELIEVES THAT SETTLEMENT NEGOTIATIONS AND

6  A PRETRIAL SETTLEMENT CONFERENCE UNDER LR 270

7  WOULD BE HELPFUL IN RESOLVING THE CASE.

8

9  **XVII.    AGREED STATEMENTS**

10      PL WOULD THAT ALL OF THE ACTION BE PRESENTED TO THE

11  JURY UPON AN AGREED STATEMENT OF FACTS, UNLESS

12  AGREEMENT CANNOT BE REACHED.

13

14  **XVIII.    SEPARATE TRIAL OF ISSUES**

15      SEPARATE TRIAL OF ISSUES IS NOT FEASIBLE OR ADVISABLE.

16

17  **XIX.   IMPARTIAL EXPERTS - LIMITATION OF EXPERTS**

18      UNAVAILABLE TO INDIGENT PRO SE LITIGANTS. [illegible]

19  [illegible] COURT [illegible]

20  [illegible]

21  **XX.        ATTORNEY FEES**

22      UNAVAILABLE TO PRO SE LITIGANTS.

23

24  **XXI.     TRIAL EXHIBITS**

25      COURT RETENTION OF ALL TRIAL EXHIBITS IS ADVISABLE

Pleading Title: PL. PRETRIAL STMT          Page 13 of 14

Case Name: DRAKE V. GONZALES    Case #: 1:17-CV-1500-KES-SAB

1  PENDING ANY APPEAL(S). PL. ASKS THE COURT TO ORDER ITS
2  CLERK TO SCAN ALL PAPER EXHIBITS INTO THE COURT'S ELECTRONIC
3  CASE FILE / RECORD.
4  XXII.       TRIAL PROTECTIVE ORDER
5      PL. REQUEST A PROTECTIVE ORDER THAT ALL TRIAL
6  EXHIBITS CONTAINING CASE SENSITIVE SAFETY OR CONFIDENTIAL
7  MENTAL HEALTH INFORMATION, INCLUSIVE ANY LIVE TESTIMONY
8  CONTAINING SUCH INFORMATION BE SEALED UNDER
9  LR 141.1 (b)(2).
10  XXIII.      MISCELLANEOUS
11      PL. HEREBY RESERVES FURTHER COMMENTS,
12  SUGGESTIONS OR INFORMATION THAT MIGHT AID IN THE
13  DISPOSITION OF THIS ACTION.
14
15
16
17
18
19
20      I DECLARE UNDER PENALTY OF PERJURY BY THE LAWS OF THE UNITED
21  STATES THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT.
22  EXECUTED THIS 28TH DAY OF AUGUST 2025 AT FRESNO CALIFORNIA.
23
24                    /s/ Sam Drake
25                    SAM DRAKE, PRO SE PLAINTIFF

Pleading Title: PL. PRETRIAL STMT          Page 14 of 14

CASE No. : 1:17-CV-1500-KES-SAB

<u>PROOF OF SERVICE</u>

1

2    I hereby declare that I am over the age of 18 years of age, a resident of the State of

3    California and ⸱ a party to the within cause of action. That on this date I did cause a true

4    and correct copy of: "*REQUEST FOR LEAVE & PROPOSED AMENDED*

5    *PRETRIAL STATEMENT.*"

6

7    to be served on the parties to the action by:

8    ☑ depositing same in the U.S. Mail with first class postage prepaid and

9    addressed as follows:   OFFICE OF THE CLERK

10   UNITED STATES EASTERN DISTRICT COURT

11   2500 TULARE STREET, RM 1501

     FRESNO, CA 93721

12

13   ☐ delivering same in person to the address as follows and placing into the

14   control of the below listed party or representative:

15

16

17

18   ☐ by faxing said document to the following telephone number:

19

20   Executed this 28th day of AUGUST, 2025, under penalty of perjury in

21   Fresno, California.

22

23   /s/ Sam Drake

24   SAM DRAKE, pro se, Declarant

25

CASE NO. 1:17-CV-1500-KES-SAB

1

## PROOF OF SERVICE

2
I hereby declare that I am over the age of 18 years of age, a resident of the State of

3
California and ___ a party to the within cause of action. That on this date I did cause a true

4
and correct copy of: "REQUEST FOR LEAVE & PROPOSED AMENDED

5
PRETRIAL STATEMENT."

6

7
to be served on the parties to the action by:

8
☑ depositing same in the U.S. Mail with first class postage prepaid and

9
addressed as follows: OFFICE OF THE CLERK

10
UNITED STATES EASTERN DISTRICT COURT

11
2500 TULARE STREET, RM 1501

FRESNO, CA 93721

12

13
☐ delivering same in person to the address as follows and placing into the

14
control of the below listed party or representative:

15

16

17

18
☐ by faxing said document to the following telephone number:

19

20
Executed this 25th day of AUGUST _____, 2025, under penalty of perjury in

21
Fresno, California.

22

23
/s/ _____

24
SAM DRAKE, PRO SE, Declarant

25