1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11   SAM DRAKE,                              No.  1:17-cv-01500-KES-SAB (PC)
12                   Plaintiff,              FINAL PRETRIAL ORDER
13          v.
                                             Deadlines:
14   M. GONZALES,
                                             Motion in Limine Filing: **September 23, 2025**
15                   Defendant.              Oppositions: **October 7, 2025**
16                                           Proposed Jury Instructions and Verdict Forms:
                                             **October 14, 2025**
17                                           Objections: **October 21, 2025**
18                                           Voir Dire: **October 14, 2025**
19                                           Exhibits due to Court: **November 4, 2025**
20                                           Trial Confirmation Hearing:
                                             **November 3, 2025, at 3:00 p.m.,**
21                                           Courtroom 6
22                                           Jury trial:  **November 12, 2025, at 8:30 a.m.,**
                                             Courtroom 6
23
                                             Estimated Trial Time: **2 days**
24
25
26
27
28

On August 11, 2025, the Court conducted a final pretrial conference. Plaintiff Sam Drake appeared pro se. R. Lawrence Bragg appeared as counsel for defendant M. Gonzales. This matter is set for a jury trial on **November 12, 2025, at 8:30 a.m. in Courtroom 6** before District Judge Kirk E. Sherriff. On August 28, 2025, defendant filed objections to the tentative pretrial order. Doc. 167. Plaintiff filed a motion on September 2, 2025 to modify the tentative pretrial order, Doc. 169, which the Court construes as plaintiff's objections to the tentative pretrial order. Neither party filed an opposition to the other party's objections. Having considered the parties' pretrial statements and views, and taking into account the parties' objections, the Court issues this final pretrial order.

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Gonzales retaliated against him in violation of his First Amendment rights when, in response to plaintiff having filed grievances, filed retaliatory rules violation reports in May 2015 against plaintiff.[1] *See* Doc. 144 at 29-32. This action is set for trial on plaintiff's claim against defendant Gonzales on this First Amendment retaliation claim.

I.      JURISDICTION/ VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343. Jurisdiction is not contested. The events at issue took place in Kings County, California. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district. Venue is also not contested.

II.     JURY TRIAL

Both parties demand a jury trial. The jury will consist of eight jurors.

III.    UNDISPUTED FACTUAL ISSUES

1.      In May 2015, plaintiff Drake was an incarcerated inmate in the custody of the

---

[1] Plaintiff also alleges that defendant called plaintiff a "rat" and a "snitch" in front of other inmates, searched plaintiff's cell, and threatened to charge plaintiff if plaintiff filed a further grievance. As noted in the findings and recommendations, which were adopted in full, those allegations and the timing of the events are relevant to defendant's motive in issuing the May 2015 Rules Violation Reports. *See* Doc. 144 at 29-32.

1          California Department of Corrections and Rehabilitation (CDCR) and housed at

2          California State Prison-Corcoran (Corcoran).

3     2.    In May 2015, plaintiff was housed in the Security Housing Unit (SHU) at

4          Corcoran.

5     3.     In May 2015, defendant M. Gonzales was a Correctional Officer at Corcoran.

6     4.    Gonzales issued Rules Violation Report Log No. 4A2-15-05-45 to plaintiff for

7          Willfully Resisting, Delaying Any Peace Officer in the Performance of Duty on

8          May 28, 2015.

9  IV.    DISPUTED FACTUAL ISSUES

10        Plaintiff identifies the following disputed factual issues:

11    1.    Plaintiff gave eyewitness testimony in the United States District Court against

12          CSP-Corcoran's corrupt prison guard gang ("Green Wall").

13    2.    Defendant M. Gonzales is a Green Wall member.

14    3.    Defendant knew plaintiff testified in federal court against CSP-Corcoran Green

15          Wall.

16    4.    Defendant had resentful retaliatory animus against plaintiff and expressed such to

17          general population prisoners prior to issuing rules violation reports to plaintiff in

18          April-May 2015.

19    5.    Defendant has a history of issuing retaliatory rules violation reports to prisoners he

20          / Green Wall targeted as "snitches."

21    6.    Defendant labeled plaintiff as a snitch who files complaints against staff.

22    7.    During the May 20, 2015, drug test escort plaintiff told defendant about plaintiff's

23          grievance regarding the unnecessary drug testing of plaintiff.

24    8.    Defendant had retaliatory motive for searching plaintiff's cell.

25    9.    Defendant admitted having read plaintiff's legal paperwork during his cell search.

26    10.    Defendant threatened to issue unwarranted rules violation reports to increase

27          plaintiff's time in prison if plaintiff reported the punitive cell search.

28    11.    Defendant, on May 21, 2015, stated he (Gonzales) would not charge (issue rules

3

1                     violation report) plaintiff for destruction of state property, but instead would hold

2                     onto the trust account withdrawal order for 30 days to make sure plaintiff files no

3                     602.

4      12.      Defendant had retaliatory motive for issuing rules violation reports to plaintiff in

5                     May 2015.

6      13.      Defendant filed a separate other rules violation report two days earlier on May 26,

7                     2015 (Log # 4A2-15-05-044).

8      14.      Defendant is fully liable for damages.

9      15.      Defendant caused injury to plaintiff.

10     16.      Defendant deprived plaintiff of plaintiff's right to seek redress of grievances free

11                    of reprisal in violation of the First Amendment, and deprived plaintiff of such right

12                    while acting under color of state law in violation of 42 U.S.C. § 1983.

13     17.      Defendant's issuance of the two rules violation reports did to some extent chill

14                    plaintiff's exercise of his First Amendment rights.

15     18.      The two rules violation reports were issued to plaintiff because plaintiff had been

16                    notifying custody supervisors of misconduct–done by defendant and other guards–

17                    that affected plaintiff adversely.

18     19.      The two rules violation reports did not advance legitimate correctional goals

19                    because they were unwarranted/false.

20     20.      Plaintiff is entitled to any/all relief.

21     21.      Defendant willfully issued both rules violation reports solely to terrorize and injure

22                    plaintiff.

23     Defendant identifies the following disputed factual issues:

24     1.      Whether Gonzales issued a Rules Violation Report to plaintiff for Destruction of

25                    State Property Less than $400 in May 2025, identified by plaintiff as Log No.

26                    4A2-15-05-944.

27     2.      Whether Gonzales was aware in May 2015, of prior protected conduct by plaintiff.

28     3.      Whether Gonzales searched plaintiff's cell in May 2015, in retaliation for

protected conduct by plaintiff.

4.    Whether Gonzales issued Rules Violation Report Log No. 4A2-15-05-45 to plaintiff for Willfully Resisting, Delaying Any Peace Officer in the Performance of Duty because plaintiff had engaged in protected conduct.

5.    Whether plaintiff incurred any harm or damages as a result of Gonzales' conduct.

Plaintiff submits the following additional factual issues:[2]

1.  Defendant knew plaintiff filed several informal requests and formal grievance forms seeking basic necessities / reporting staff deprivations thereof from April 6, 2015 through May 20, 2015, and had copies of legal notes, complaints, etc., detailing staff misconduct inside his cell.

2.  Plaintiff was punished with 30-days loss of privileges for the rules violation report (#4A2-15-05-045), and defendant intended for plaintiff to suffer such loss.

3.  Plaintiff did not possess or use intoxicants.

4.  Plaintiff filed grievance against Warden for plaintiff being repeatedly drug tested under threat of discipline.

5.  Plaintiff complied with the drug testing.

6.  That defendant Gonzales led two-on-one escorts of plaintiff to off-unit holding cell area for urine sample collection then abandoned the escort to go search plaintiff's cell on May 20, 2015, and rejoined the escort approximately 45 minutes later, returning plaintiff to cell #48.

7.  Defendant generated a rules violation report on May 28, 2015, in connection with the May 20, 2015 drug test escort and cell search (log #4A2-15-05-045).

8.  Defendant generated a general chrono waiving plaintiff's attendance at the hearing of that rules violation report on June 28, 2015.

9.  Plaintiff never grieved the cell search.

10. Plaintiff received a conviction on rules violation report number 4A2-15-05-045 on

---

[2] The following factual issues were identified as undisputed by plaintiff.

1    June 28, 2015.

2    11. Plaintiff filed requests, memo, grievance, and mental health service requests alerting

3    CSP-COR sergeant, captain, warden, and psychologist that he had received two false

4    retaliatory RVRs by defendant Gonzales and was afflicted with fear-terror of further

5    reprisals June through September 2015.

6    12. Plaintiff was moved to a different unit on September 9, 2015, in connection with

7    defendant Gonzales' reprisals against plaintiff.

8    13. Plaintiff received no forenotice that he would be issued two rules violations reports by

9    defendant from May 20th – 28th, 2015.

10   Defendant submits the following additional factual issues:[3]

11   1. After a disciplinary hearing, plaintiff was found guilty of Willfully Resisting,

12   Delaying Any Peace Officer in the Performance of Duty, and was assessed ninety

13   days' loss of credit, thirty days' loss of television and radio privileges, and ten days'

14   loss of yard privileges. The loss of credits was later rescinded.

15   V.    DISPUTED EVIDENTIARY ISSUES / MOTIONS IN LIMINE

16   The purpose of a motion in limine is to establish in advance of the trial that certain

17   evidence should or should not be admitted at trial. The Court will grant a motion in limine

18   precluding use of evidence only if the moving party establishes that the evidence clearly is not

19   admissible for any valid purpose.  The Court does not encourage the filing of motions in limine

20   unless they are addressed to issues that can realistically be resolved by the Court prior to trial and

21   without dependence on other evidence which will be introduced by the parties at trial.

22   In advance of filing any motion in limine, the parties shall meet and confer to determine

23   whether they can resolve any disputes and avoid filing motions in limine.  The parties shall

24   exhaust efforts to resolve such evidentiary disputes prior to filing a motion in limine and shall

25   include in any such motion a certification concerning their meet and confer efforts.

26   Any motion in limine shall be filed no later than **September 23, 2025**.  The motion must

27

28   [3] The following factual issues were identified as undisputed by defendant.

6

1  clearly identify the nature of the evidence that the moving party seeks to have admitted or seeks

2  to prohibit the other side from offering at trial.  Any opposition to a motion in limine shall be

3  filed no later than **October 7, 2025**.  After reviewing the motions and any opposition briefs, the

4  Court will notify the parties if a reply brief is necessary.  As such, parties shall <u>not</u> file any reply

5  briefs without Court approval.  The Court will also notify the parties if it will hear argument on

6  any motions in limine prior to the first day of trial.  The parties are reminded they may still object

7  to the introduction of evidence during trial.

8        Plaintiff identifies the following evidentiary issues:

9      1.    Plaintiff anticipates that defendant will dispute the authenticity of Rules Violation

10         Report No. 4A2-15-05-044 and will attempt to introduce evidence of criminal

11         forgery (defendant's disclosure of expert witnesses at 2).  Plaintiff contends that

12         such evidence would be inadmissible unqualified expert opinion. Moreover,

13         plaintiff contends that the relevance of such evidence would be substantially

14         outweighed by undue prejudice resulting to plaintiff, confusing the issues,

15         misleading the jury, and wasting time.  (Fed. R. Evid. 401-403.)

16     2.    Plaintiff objects to any opinion testimony from defendant and any present or

17         former prison official called by defendant concerning matters that call for

18         document authentication / handwriting analysis expertise.

19     3.    Plaintiff anticipates a dispute regarding the admissibility of defendant's past bad

20         acts, habits, and affiliation.  *See* Fed. R. Evid. 404(b), 406.

21     4.    Plaintiff invokes the 'residual exception' of Rule 807, as to any testimony /

22         declaration which may or may not contain hearsay. Fed. R. Evid. 807.

23     5.    Plaintiff reserves objections to specific testimony and exhibits until such time as

24         plaintiff has had the opportunity to hear such testimony and examine such exhibits,

25         and reserves judicial notice of court records of other cases.

26       Defendant identifies the following evidentiary issues:

27     1.    Defendant anticipates plaintiff will attempt to introduce evidence concerning

28         claims which have been dismissed by this Court including conspiracy and failure

to protect claims asserted against former defendants Allison and Moak, the claim that former defendant Sexton directed former defendant Dr. McCabe to dispute all injuries reported by plaintiff which had been caused by staff, the claim that former defendant Sexton directed custody staff not to correct the safety and enemy information in plaintiff's prison file, the claim that former defendant Navarro contaminated plaintiff's food, the Eighth Amendment failure to protect claim asserted against defendant Gonzalez, and any other retaliation claims asserted against Gonzalez except for the issuance of Rules Violation Reports in May 2015. Doc. 148 at 2-3. Defendant contends that such evidence would be irrelevant to the retaliation claims remaining for trial. Fed. R. Evid. 401, 402. Alternatively, defendant contends that the relevance of such evidence would be substantially outweighed by undue prejudice resulting to Defendant, confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403.

2.  Defendant anticipates that plaintiff will attempt to introduce character evidence of defendant that is inadmissible under the Federal Rules of Evidence, including Rules 401 through 405, and 608. Defendant also anticipates that plaintiff will attempt to introduce evidence of a "Green Wall" code of silence. Defendant further anticipates a dispute regarding the admissibility of plaintiff's prior criminal convictions, as well as the admissibility the criminal convictions of any present and former inmates called by plaintiff. See Fed. R. Evid. 609.

3.  Further, plaintiff should be prevented from presenting inadmissible testimonial or documentary hearsay, including the admissibility of statements signed by witnesses and medical records. See Fed. R. Evid. 801-807.

4.  Defendant objects to any opinion testimony from plaintiff concerning matters that call for medical expertise.

VI.  SPECIAL FACTUAL INFORMATION

The claims in this civil rights case do not fall under any of the specific actions listed in Local Rule 281(b)(6).

1    VII.    RELIEF SOUGHT

2            Plaintiff's position:

3            Plaintiff seeks an award of nominal, compensatory, and punitive damages, and declaratory

4    relief against defendant.

5            Defendant's position:

6            Defendant seeks an award of court costs as permitted by law.

7    VIII.   POINTS OF LAW

8            The claims and defenses arise under federal law.  Plaintiff's claims are brought solely

9    against defendant Gonzales.

10       1.      The elements of, standards for, and burden of proof in a cause of action under 42

11               U.S.C. § 1983 for retaliation based on the exercise of a First Amendment right to

12               file a grievance.

13       2.      The elements of, standards for, and burden of proof for an award of punitive

14               damages.

15           The parties also identify the following additional points of law:

16       1.      Plaintiff's additional points of law:

17               a.  First Amendment Retaliation

18                       i.   "Those in custody may not be retaliated against for use of grievance

19                            system."  *Hines v. Gomez*, 108 F.3d 265 (9th Cir. 1997).

20                       ii.  "Individuals may not be penalized for exercising the right to redress

21                            of grievances."  *Bradley v. Hall*, 64 F.3d 1276 (9th Cir. 1995).

22                       iii. "To show that an adverse action was taken 'because of' their

23                            protected conduct, a plaintiff must allege facts showing the protected

24                            conduct was 'the motivating factor behind the defendants' conduct'

25                            and … 'a "threat of harm" may constitute an adverse action.'"

26                            *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009).  "The use of an

27                            internal grievance procedure constitutes 'protected conduct' for the

28                            purpose of a First Amendment retaliation claim."  *Rhodes v.*

9

1          *Robinson*, 408 F.3d 559 (9th Cir. 2005). "As articulated in (Austin),

2          plaintiff's injury can be attributed to defendant's retaliatory act if

3          plaintiff can show that the deprivation he suffered was the natural and

4          proximate result of the retaliatory act." *Austin v. Terhune*, 367 F.3d

5          1167 (9th Cir. 2004) – regarding causation – "As Shepard recognized,

6          'A prison official who uses a valid procedure as subterfuge to obscure

7          retaliation cannot assert that [his actions] served a valid penological

8          purpose,' even though the prisoner may have ended up where he

9          belonged." *Bruce v. Ylst*, 351 F. 3d 1283 (9th Cir. 2003)).

10      b.   Qualified Immunity Does Not Apply

11           i.   "The prohibition against retaliatory punishment is clearly established

12               law in the Ninth Circuit, for qualified immunity purposes." *Rhodes v.*

13               *Robinson*, 408 F.3d 559 (9th Cir. 2005). "Its also clearly established

14               that prisoners have a first amendment right to file grievances against

15               prison officials and to be free from retaliation for doing so." *Watson*

16               *v. Carter*, 668 F.3d 1108 (9th Cir. 2012).

17      c.   Time Proximity of Retaliatory Act(s)

18           i.   "Disparate treatment within 120-days after filed complaint is

19               rebuttable presumption of retaliation." W&IC §550.

20      d.   Compensatory Damages

21           i.   Ninth Circuit affirmed jury verdict for incarcerated person even

22               though the retaliatory act (false rules violation report) was separated

23               from the harm that plaintiff suffered (10 days ASU and LOP) by an

24               independent review completed by an independent officer. *Hines v.*

25               *Gomez*, 108 F.3d 265 (9th Cir. 1997). Plaintiff contends that "since

26               First Amendment violations rarely if ever result in physical injuries,

27               construction of PLRA against recovery of damages will defeat

28               congressional intent and render constitutional protections

10

1    meaningless," *Siggers-Ely v. Barlow*, 433 F.Supp. 2d 811 (2006),

2    §1997e(e)'s bar does not apply to plaintiff's case.

3    e.  Punitive Damages

4    i.  "Punitive damages are assessed against a defendant to further

5    society's interest in punishing and deterring certain conduct that

6    invades upon the rights of others." *Smith v. Wade*, 461 U.S. 30

7    (1983), 103 S.Ct. 1625.  "Punitive damages may be available even in

8    circumstances where plaintiff is unable to show compensable injury,"

9    *id.* at 55, also *Davis v. Mason Co.*, 927 F.2d 1473 (9th Cir. 1991); *e.g.*

10    *see Valandingham v. Moen*, 1992 U.S. App. Lexis 11584 (9th Cir.

11    1992). "When a defendant retaliates against a plaintiff's exercise of

12    his First Amendment rights, defendant necessarily acts with the

13    purpose of infringing upon plaintiff's federally protected rights …

14    Thus, a defendant who has been found liable for First Amendment

15    retaliation has engaged in conduct that warrant consideration of an

16    award of punitive damages." *King v. Zamiara*, 788 F.3d 207 (6th Cir.

17    2015); *e.g. Percelle v. Pearson*, 2017 U.S. Dist. Lexis 36450 -

18    $335,000 compensatory and $200,000 punitive, and *Howard v.*

19    *Groover*, 706 F.Supp.3d 1090 (2023) - $5,000 compensatory and

20    $45,000 punitive. "Degree of reprehensibility controls jury

21    determination of punitive damages." *Mendez v. San Bernardino*

22    *County*, 540 F.3d 1109 (2008).  *BMW v. Gore*, 517 U.S. 559 (1996).

23    f.  Evidence of Plaintiff's Prior Conviction is Barred

24    i.  Rule 609(b) provides that: "any evidence of prior felony conviction

25    10 or more years past may not be admitted if its probative value is

26    outweighed by its prejudicial effect."  Fed. R. Evid. 609(b).

27    g.  Impeachment by Evidence of Defendant's Past Acts

28    i.  Rule 404(b) provides that: "Evidence of prior crimes, wrongs or acts

11

… may be admissible only for such purposes as: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  Plaintiff contends that defendant's past misconduct is highly probative / indicative of his intent, motive, plan, knowledge.  Accordingly, plaintiff will seek to impeach the trial testimony of defendant or any defendant's witnesses with evidence of any past misconduct.

    ii.    Plaintiff submits the probative value of his evidence outweighs the semblance of unfair prejudice to defendant, shall not confuse the issues, mislead the jury, or cause undue delay or waste time.

    iii.    Defendant's prior plans/acts of related retaliations are highly probative of his intent and plan in May 2015.

    h.    "Green Wall Corcoran Sharks Gang" is Relevant

    i.    "Evidence of Green Wall [gang] membership is relevant." *Kilgore v. Clavijo*, 2021 U.S. Dist. LEXIS 267162 (granting discovery of defendant's 15 years prior misuse of force and subsequent employment termination and holding "defendant's personnel file disclosure risk was contained by protective order" on retaliation claim) (N.D. Cal.).  Also, "OIG Green Wall investigation report is relevant." *Parrish v. Solis*, 2014 U.S. Dist. LEXIS 75513 (permitting discovery of OIG GW evidence on conspiracy / misuse of force claim) (N.D. Cal.).

    i.    Impeachment by Evidence of Habit / Routine Practice

    i.    Rule [406] provides that "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accord with the habit or routine practice." Fed. R. Evid. 406.  Regardless of whether the evidence is corroborated or whether there was an

eyewitness, plaintiff contends that defendant acted in accord with his habit and GWCSG' routine practice(s) in April to May 2015. Plaintiff further contends that the routine practices of defendant's gang include but are not limited to: (1) physically humiliating during pat-down / strip searches, (2) issuing unwarranted / false rules violation reports, (3) generating false ASU lock-up orders, (4) ransacking property and reading legal documents during cell searches, (5) prearranging / soliciting prisoner-on-prisoner violent fights / attacks, (6) arranging unsafe bed moves, (7) conducting brutal beatings, (8) staging of events, (9) stacking rules violation reports, (10) snitch labelling, etc.

      j.   Plaintiff includes the "residual exception" of Rule 807 as to any witness testimony/declaration which may or may not contain hearsay.

      k.   Judicial Notice

          i.   "The Court may judicially notice its own records of other cases." Fed. R. Evid. 201(b)(2).

2.     Defendant's additional points of law:

      a.     First Amendment Retaliation.

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The element on causation requires a showing that the prison official intended to take adverse action because of "retaliatory animus" to "silence and to punish" the inmate, as opposed to some other non-retaliatory reason. *Shepard v. Quillen*, 840 F.3d 686, 689-

91 (9th Cir. 2016). Evidence probative of retaliatory animus includes the proximity in time between the protected conduct and the alleged adverse action, a prison official's expressed opposition to the speech, and that a prison official's proffered reason for the adverse action was false or pretextual. *See Shepard*, 840 F.3d at 690. On the other hand, mere speculation that defendants acted out of retaliation is not sufficient. *Woods v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases).

### b.    Damages for Alleged Mental or Emotional Injury

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody with a prior showing of physical injury." 42 U.S.C § 1997e(e). A plaintiff must allege more than a de minimis physical injury in order to recover compensatory damages for mental or emotional injury. *Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

### c.    Punitive Damages

In a section 1983 action, a jury may award punitive damages only if it finds that the defendants intended to violate federal law or acted in a reckless or callous disregard of plaintiff's federally-protected rights. *Smith v. Wade*, 461 U.S. 30, 51 (1983). It is not enough that defendants may have acted in an objectively unreasonable manner; their subjective state of mind must be assessed. *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). Where there is no evidence that a section 1983 defendant has acted with evil intent, there is no legal right to punitive damages. *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff. Model Civ. Jury Instr. 9th Cir. 5.5 (2018).

14

1              d.      Impeachment by Evidence of Prior Felony Conviction

2          Rule 609 of the Federal Rules of Evidence provides that evidence of a witness's prior

3   conviction of a felony may be used to impeach that witness's testimony. Defendant contends that

4   no one who has a prior felony conviction is entitled to the false aura of veracity, which would

5   occur if impeachment were not allowed. Accordingly, defendant will seek to impeach the trial

6   testimony of plaintiff or any of plaintiff's witnesses with evidence of any prior felony

7   convictions.

8              e.      "Green Wall" Code of Silence Is Not Relevant.

9          "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it

10  would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.

11  R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. All arguments,

12  testimony, and evidence, regarding an alleged "Green Wall" or "code of silence is irrelevant to an

13  excessive force claim. *See id.*; *Sartori v. Cty. of Los Angeles*, 676 Fed. App'x 680, 683 (9th Cir.

14  2017) (affirming the exclusion of evidence of a "general code of silence" among members of a

15  law enforcement agency where plaintiff did not identify any evidence connecting the purported

16  code of silence to the testifying officers who testified); *see also Jackson v. Mendez*, No. 1:11-cv-

17  00080-BAM (PC), 2015 U.S. Dis. LEXIS 154717 at *8-9 (E.D. Cal. Nov. 13, 2015) (excluding

18  references to "Green Wall" and "Code of Silence" because "evidence of a conspiracy to cover up

19  the actions of other officers is irrelevant" to an excessive force claim); *Shepard v. Bass*, No. 1:10-

20  cv-00754-LJO BAM PC, 2012 U.S. Dist. LEXIS 163640, at *5 (E.D. Cal. Nov. 14, 2012)

21  (finding that "testimony or arguments regarding the 'Code of Silence' or 'Green Wall' would

22  have little if any relevance in determining whether Defendant…used force maliciously and

23  sadistically for the purpose of causing harm or in a good faith effort to restore order.").

24         Further, references to a "Code of Silence" or the "Green Wall" are unduly prejudicial to

25  the defendant and will create a trial within a trial to determine whether such a conspiracy existed,

26  thereby confusing the issue of whether defendant used excessive force in violation of the Eighth

27  Amendment. *See Shepard*, 2012 U.S. Dist. LEXIS 163640, at *5-7 (finding that admission of

28  "Green Wall" or "Code of Silence" would "cause confusion on the issues," primarily as to

1  "whether Defendant Bass used excessive force in rehousing Plaintiff in his cell," as it "would

2  create a trial within a trial and would waste the time of the jury and the Court" and "likely result

3  in unfair prejudice" to the defendant."); *see also Branch v. Umphenour*, No. 1:08-cv-01655-SAB

4  (PC), 2017 WL 2201129, at *7 (E.D. Cal. Jan. 18, 2017) (finding, in a failure to protect claim,

5  that the "Green Wall" and "Code of Silence" testimony would do same); *Emery v. Harris*, No.

6  1:10-cv-01947-JLT (PC), 2014 WL 710963 at *2 (E.D. Cal. Feb. 21, 2014) (finding "code of

7  silence" evidence would "require the jury first to determine whether such a code exists…only to

8  lure the jury away from making an individualized assessment of each witness," creating a

9  "substantial prejudicial effect" on the defendant and noting that the plaintiff can still demonstrate

10  bias of a witness based on their "employment relationship, friendship, affiliation, empathy or

11  otherwise"); *Buckley v. Evans*, No. 2:02-cv-01451-JKS, 2007 WL 2900173 at *25-26 (E.D. Cal.

12  Sept. 28, 2007) (finding that admitting evidence on the "code of silence," which, according to

13  alleged news reports, protected "rogue correctional officer who brutalized and mistreated inmates

14  in the California state prison system," required a "strained…series of inferences" to apply to the

15  correctional officers there, and, if applied, would result in "delay and confusion on a full

16  exploration" of the issues and persons under investigation).

17  **ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY**

18  **ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT**

19  **BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.**

20  The parties may, but are not required to, file trial briefs addressing the points of law

21  implicated by the remaining claim and defenses.  Any trial brief shall be filed with the Court no

22  later than **October 14, 2025**, in accordance with Local Rule 285.

23  IX.    ABANDONED ISSUES

24  Plaintiff states that he has voluntarily abandoned the following issue:

25  1.    The request for an order requiring defendants to pay the cost of future medical

26          expenses.

27  ///

28  ///

16

1    X.    <u>WITNESSES</u>

2    Plaintiff's witnesses are listed in **Attachment A**. Defendant's witnesses are listed in

3    **Attachment B**.   Defendant's counsel confirmed that T. Snyder, B. Adam, and T. Sparks would

4    not be called as witnesses and should not be listed on the defendant's witness list.

5    1.    **The Court does not allow undisclosed witnesses to be called for any purpose,**

6    <u>**including impeachment or rebuttal,**</u> **unless they meet the following criteria:**

7    a.    The party offering the witness demonstrates that the witness is for the

8    purpose of rebutting evidence that could not be reasonably anticipated at

9    the pretrial conference, or

10    b.    The witness was discovered after the pretrial conference and the proffering

11    party makes the showing required in paragraph 2, below.

12    2.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

13    the party shall promptly inform the Court and opposing parties of the existence of

14    the unlisted witnesses so the Court may consider whether the witnesses shall be

15    permitted to testify at trial.   The witnesses will not be permitted unless:

16    a.    The witness could not reasonably have been discovered prior to the

17    discovery cutoff;

18    b.    The Court and opposing parties were promptly notified upon discovery of

19    the witness;

20    c.    If time permitted, the party proffered the witness for deposition; and

21    d.    If time did not permit, a reasonable summary of the witness's testimony

22    was provided to opposing parties.

23    Plaintiff timely moved for the appearance of witnesses Kevin Fields and Robert James.

24    Doc. 150.  The magistrate judge granted plaintiff's motion for the appearance of Fields and James

25    but denied without prejudice his request that Fields and James be allowed to appear via Zoom.

26    Doc. 155.  Plaintiff filed a renewed motion for his witnesses to appear remotely via Zoom, which

27    defendant opposed.  Docs. 158, 163.

28

1    The Federal Rules of Civil Procedure permit remote testimony in open court "[f]or good

2 cause in compelling circumstances and with appropriate safeguards…" Fed. R. Civ. P. 43(a).

3 Geographical distances combined with other factors may provide good cause. *Star Mountain*

4 *Plan Tr. v. Titan Mining (US) Corp.*, No. CV-22-01389-PHX-GMS, 2023 WL 2355916, at *6 (D.

5 Ariz. Feb. 3, 2023). Remote testimony is the exception, and live, in-person testimony is strongly

6 preferred. *In re Kirkland*, 75 F.4th 1030, 1043-44 (9th Cir. 2023) (citing Fed. R. Civ. P. 43(a)

7 advisory committee's note to 1996 amendment).

8    Plaintiff argues that there is good cause to allow remote testimony because of the cost and

9 distance involved in transporting his witnesses, asserting that James is confined in Folsom,

10 California, and that Fields is confined in Corcoran, California and suffers from scoliosis.

11 Doc. 159 at 4. Based on these limited representations, plaintiff has failed to establish good cause

12 to allow his witnesses to appear remotely. Corcoran is about fifty miles from the federal

13 courthouse and there is no evidence that Fields' health issue will impact his ability to travel and

14 testify in these proceedings. *See Complete Med. Sales, Inc. v. Genoray Am., Inc.*, No. 8:20-cv-

15 01277-SB(DFMx), 2021 WL 4439095, at *1 (C.D. Cal. Aug. 10, 2021) (denying motion for

16 remote testimony where witnesses would have to travel from Michigan to Los Angeles and where

17 plaintiff failed to establish that the witnesses where particularly vulnerable to travel). James is

18 confined in Folsom, California, which is also within this district. Distance alone is insufficient to

19 establish good cause, and there is no evidence before the Court that the costs of transporting

20 James is prohibitively expensive. *See Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, 2023

21 WL 2355916, at *6 (denying motion for remote appearance where plaintiff relied on distance

22 alone). Plaintiff's motion for his witnesses to testify remotely, Doc. 159, is therefore denied

23 without prejudice.

24 XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

25    Plaintiff's exhibits are listed in **Attachment C**. Defendant's exhibits are listed in

26 **Attachment D**.

27    No exhibit shall be marked or entered into evidence under multiple exhibit numbers, and

28 the parties are hereby directed to meet and confer for the purpose of designating joint exhibits.

18

All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be marked for identification as JX and listed numerically, e.g., JX-1, JX-2.  To the extent the parties have any objections to jointly marked exhibits, they must make such objections by the deadline set out below.  To the extent the parties also have separate exhibits, plaintiff's exhibits shall be listed numerically (e.g., Ex. 1, Ex. 2) and defendant's exhibits shall be listed alphabetically (e.g., Ex. A, Ex. B).  All exhibits must be pre-marked.

The parties shall serve one (1) copy of their trial exhibits on the other party by no later than **October 7, 2025**.  Objections to exhibits shall be filed on or before **October 21, 2025**.  In making any objection, the party is to set forth the grounds for the objection.  **<u>Any exhibit which is not objected to shall be marked and received into evidence and will require no further foundation.</u>**

Defense counsel must prepare four (4) separate exhibit binders with the parties exhibits for use by the Court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The final exhibit binders, along with exhibit lists, shall be submitted to Courtroom Deputy Victoria Gonzales no later than **October 28, 2025**.

**The Court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

1. The Court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received

unless the proffering party demonstrates:

    a.  The exhibits could not reasonably have been discovered earlier;

    b.  The Court and the opposing parties were promptly informed of their existence; and

    c.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    <u>DISCOVERY DOCUMENTS</u>

The following is a list of discovery documents that the parties expect to offer at trial.

1.    <u>Plaintiff's position:</u> Plaintiff does not anticipate offering any discovery documents at trial.

2.    <u>Defendant's position:</u> Defendant may seek to use relevant portions of plaintiff's deposition transcript for purposes of cross-examination, impeachment, or rebuttal.

**NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION OF THE FINAL PRETRIAL ORDER, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **October 28, 2025**.

XIII.    <u>FURTHER DISCOVERY OR MOTIONS</u>

1.  No further discovery is sought by either party.

2.  Defendant indicates he may move for judgment as a matter of law under Federal Rule of Civil Procedure Rule 50(a) and (b) during and at the close of trial.

XIV.    <u>STIPULATIONS</u>

Defendants offer to stipulate to the authenticity and admissibility of documents from plaintiff's Central File and medical records.

1   Plaintiff requests that Defendant stipulate to the veracity and authenticity of all office of

2   inspector general investigative report documents.

3   The parties shall meet and confer to see if any stipulations can be reached prior to trial.

4   XV.   AMENDMENTS/DISMISSALS

5   None.

6   XVI. SETTLEMENT

7   Both parties indicated in their pre-trial statements that a settlement conference would be

8   productive.  A settlement conference is currently set before Magistrate Judge McAuliffe on

9   October 2, 2025, at 9:30 a.m.

10   XVII. JOINT NEUTRAL STATEMENT OF THE CASE

11   Plaintiff indicates that the matter may be presented to the jury upon an Agreed Statement

12   of Facts if an agreement can be reached.  Defendant does not believe that presentation of an

13   Agreed Statement of Facts is feasible.

14   The parties did not provide a joint statement of the case.  The parties may file by **October

15   21, 2025**, a joint proposed Neutral Statement to be read to the jury.  Otherwise, the Court will

16   propose the following Neutral Statement:

17
      This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff Sam
18    Drake alleges that defendant M. Gonzales retaliated against him in violation of
      his First Amendment rights when, in response to Drake having filed grievances,
19    Gonzales issued rules violation reports against Drake.  Defendant Gonzales
      disputes plaintiff's claim.
20

21   XVIII. SEPARATE TRIAL OF ISSUES

22   Plaintiff does not request a separate trial of any issues.  Defendant requests that the trial be

23   bifurcated, with the issue of punitive damages being tried separately, if necessary, following

24   resolution of the liability phase.

25   There will be no separate trial of issues in this action, except that the Court will bifurcate

26   the trial with respect to the amount of punitive damages, if necessary.  Should a jury find punitive

27   liability in the first phase of the trial, the trial will proceed to a second phase which will consist of

28

1  any evidence and argument with respect to the appropriate amount of punitive damages.  The

2  parties may not present evidence regarding the amount of punitive damages until the second

3  phase of the trial.

4  XIX.  IMPARTIAL EXPERTS/LIMITATIONS OF EXPERTS

5      Federal Rule of Evidence 706 allows a court to appoint an expert witness on the motion of

6  a party. Fed. R. Evid. 706(a).  "Expert witnesses should not be appointed where they are not

7  necessary or significantly useful for the trier of fact to comprehend a material issue in a case."

8  *Arellano Jr. v. Hodge*, 2017 WL 2692875, at *1 (S.D. Cal. Jun. 22, 2017) (citing *Gorton v. Todd*,

9  793 F.Supp.2d 1171, 1181 (E.D. Cal. 2011)).  Additionally, "expert witnesses should not be

10  appointed to serve as an advocate for a party." *Id.* (citations omitted).  Finally, "Rule 706 is not a

11  means to avoid the in forma pauperis statute, 28 U.S.C. § 1915, and its prohibition against using

12  public funds to pay the expenses of witnesses in a § 1983 prisoner rights action." *Id.* (citing

13  *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993)).

14      Plaintiff does not show that a court appointed expert witness is necessary to assist the trier

15  of fact in this matter or that his retaliation claim is factually or legally complex.  The Court does

16  not find this action is complex or that it requires a court-appointed expert.  The parties have had

17  sufficient opportunity to identify expert witnesses.  The Court does not find cause to appoint an

18  expert witness and will not independently appoint an expert witness at this time.

19  XX.  ATTORNEYS' FEES

20      Plaintiff, who is proceeding pro se, is not entitled to attorney's fees.

21  XXI.  TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

22      Plaintiff requests a protective order that all trial exhibits containing case sensitive safety or

23  confidential mental health information, including any live testimony containing such information,

24  be sealed pursuant to Local Rule 141.1(b)(2).

25      Defendant indicates that, in the event he is required to disclose information concerning his

26  financial status, he will request that the Court issue a protective order concerning this information

27  under Local Rule 141.1(b)(2).

28

22

1    The request to seal is denied without prejudice.  Trial exhibits are not filed with the Court.

2    If the trial exhibits do need to be filed with the Court, appropriate precaution should be taken to

3    redact sensitive personally identifiable information.  Special handling of prison records and

4    photographs may also be appropriate as to any confidential information where disclosure may

5    compromise the safety and security of the institution, staff, or inmates, and the parties may

6    propose specific measures to address any such concern, if needed.  A protective order as to the

7    defendant's financial information may also be addressed at the appropriate time, if needed.

8        Pursuant to the Court's policy, at the end of the trial the Court will return all exhibits to

9    the proffering party to be retained during the pendency of any appeals.

10   **XXII.  MISCELLANEOUS**

11       None.

12   **XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE**

13       Jury trial is set for November 12, 2025, at 8:30 a.m. in Courtroom 6 before District Judge

14   Kirk E. Sherriff.  Trial is anticipated to last 2 days.  A trial confirmation hearing is set for

15   **November 3, 2025, at 3:00 p.m. in Courtroom 6**.

16   **XXIV. PROPOSED JURY VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM**

17       **1.    Proposed Jury Voir Dire**

18           i.    The parties shall file any proposed jury voir dire by **October 14, 2025**.

19                 Each party will be limited to twenty minutes of jury voir dire, unless they

20                 show good cause for additional time.

21       **2.    Proposed Jury Instructions and Proposed Jury Verdict Form**

22           i.    The Court directs the parties to meet and confer, if possible, to generate a

23                 joint set of jury instructions and a joint verdict form.  The parties shall file

24                 by **October 14, 2025,** any such joint set of instructions, identified as "Joint

25                 Proposed Jury Instructions," and any agreed upon verdict form, identified

26                 as a "Joint Proposed Verdict Form."  If the parties cannot agree upon

27                 certain specific jury instructions and/or the verdict form, defendant shall

28                 file proposed jury instructions and a proposed verdict form as provided in

23

1      Local Rule 163 by **October 14, 2025**.  Plaintiff is not required to file

2      proposed jury instructions or a proposed verdict form, but if he wishes to

3      do so, he must file them by **October 14, 2025**.

4      ii.    The parties shall indicate on any proposed jury instructions or proposed

5      verdict form the party submitting the proposed instructions or verdict form

6      (i.e., joint, plaintiff's, or defendant's).

7      iii.    The parties shall also include on all proposed jury instructions the

8      following:

9      a.    The number of the proposed instruction in sequence.

10      b.    A brief title for the instruction describing the subject matter.

11      c.    The complete text of the instruction.

12      d.    The legal authority supporting the instruction.

13      e.    The parties shall, by italics or underlining, designate any

14      modification from statutory or case authority, or any pattern or form

15      instruction, or any other source of pattern instructions.

16      f.    The parties must specifically state the modification made to the

17      original form instruction and the legal authority supporting the

18      modification.

19      g.    All blanks in form instructions should be completed and all

20      brackets removed.

21      iv.    Ninth Circuit Model Jury Instructions shall be used where the subject of

22      the instruction is covered by the model instructions, including for all

23      standard instructions.  State model jury instructions, such as BAJI or CACI

24      instructions, shall be used where applicable as to state law claims.  The

25      parties shall designate, by italics or underlining, any proposed modification

26      of instructions from any pattern instruction, such as the Ninth Circuit

27      Model Civil Jury Instructions or other pattern instructions, or from

28      statutory or case authority.  The parties must specifically state the

1                modification made to the standard instruction and the legal authority

2                supporting the proposed modification.  All instructions shall be short,

3                concise, understandable, and neutral and accurate statements of the law.

4                Argumentative instructions will not be given and must not be submitted.

5        v.      Defense counsel shall e-mail two copies of their proposed jury instructions

6                in Microsoft Word to vgonzales@caed.uscourts.gov no later than

7                **October 14, 2025**.  One set shall indicate the party proposing the

8                instruction, with each instruction numbered, and shall cite supporting

9                authority.  The other set shall be an exact copy of the first set but shall be a

10               "clean" copy that does not contain the identification of the offering party,

11               the instruction number, supporting authority, or any reference to the

12               Court's disposition of the proposed instruction.

13       vi.     Defense counsel shall also provide a copy of their proposed verdict form(s)

14               in Microsoft Word to vgonzales@caed.uscourts.gov no later than

15               **October 14, 2025**.

16     **3.**      **Objections to proposed jury instructions**

17        i.      The parties must file any objections to proposed jury instructions by

18               **October 21, 2025**.  Each objection shall identify the challenged instruction

19               and shall provide a concise explanation of the basis for the objection along

20               with citation of authority.  When applicable, the objecting party shall

21               submit an alternative proposed instruction on the issue or identify which of

22               his or her own proposed instructions covers the subject.

23  **XXV.** <u>TRIAL BRIEFS</u>

24      The parties are relieved of their obligation under Local Rule 285 to file a trial brief.  If any

25  party wishes to file a trial brief, they must do so by **October 14, 2025**.  Any trial briefs shall

26  contain the information required by Local Rule 285.

27  **XXVI.** <u>USE OF ELECTRONIC EQUIPMENT IN COURTROOM</u>

28      Any party wishing to receive an overview or tutorial of the Court's electronic equipment

must contact the Courtroom Deputy Victoria Gonzales at (559) 499-5676 or
vgonzales@caed.uscourts.gov at least three (3) weeks before the start of trial to schedule a
tutorial session at a time convenient to the Court's information technology staff.  The parties shall
coordinate so all who are interested may attend the IT conference as the Court will hold only one
conference per case.  The parties and counsel shall confer and advise the courtroom deputy of the
date and time that has been agreed upon.  Counsel will not be provided any training on the day of
or during the trial.  The electronic equipment and resources available for this trial may differ from
the equipment and resources available in other courtrooms and may even differ from the
equipment and resources available in this courtroom at another time.  It is the responsibility of the
parties to familiarize themselves with the equipment and resources available for use in this trial
prior to the commencement of trial.  If any party is unfamiliar with the equipment and resources
available for use in this trial, that party may be ordered to proceed without the aid of such
equipment and resources and/or may be sanctioned for any fees, costs, or expenses associated
with any delay.

XXVII. <u>COMPLIANCE WITH PRETRIAL ORDER</u>

Strict compliance with this pretrial order and its requirements is mandatory.  The Court
will enforce the requirements of this pretrial order, and counsel and parties are subject to
sanctions for failure to comply fully with this order and its requirements.  The Court
ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure, the Local
Rules, and the Court's orders.  Failure to do so will make the parties and/or counsel subject to
sanctions.

IT IS SO ORDERED.

Dated:   September 20, 2025  

_____
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A: Plaintiff's Witnesses**

Percipient Witnesses

    1.     Plaintiff Sam Drake

    2.     Kevin Fields, CDCR No. P-83425, c/o CDCR prison

    3.     Robert James, CDCR No. E-27713, c/o CDCR prison

1

**ATTACHMENT B: Defendant's Witnesses**

2

<u>Percipient Witnesses</u>

3    1.  Defendant M. Gonzales (non-expert testimony) – Corcoran – may be contacted through

4         defense counsel.

5    2.  Correctional Officer G. Navarro (non-expert testimony) – Corcoran – may be contacted

6         through defense counsel.

7    3.  Correctional Counselor II P. Williams (non-expert testimony) – Corcoran – may be

8         contacted through defense counsel.

9    4.  Former Correctional Sergeant S. Leon (non-expert testimony) – Corcoran – may be

10        contacted through defense counsel.

11   5.  Custodian(s) of records, plaintiff's custody and medical files (non-expert testimony) –

12        may be contacted through defense counsel.

13

14   <u>Expert Witnesses</u>

15   6.  Correctional Captain C. Brown (expert testimony) – Corcoran – may be contacted through

16        defense counsel.

17   7.  R. Canning, Ph.D., (expert testimony) – California Correctional Health Care Services, Elk

18        Grove, California – may be contacted through defense counsel.

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT C: Plaintiff's Exhibits**

2

| Ex. | Description |
|-----|-------------|
| 1. | Cell Inspection Receipt (April 6, 2015) |
| 2. | Requests to Sgt. Leon (April 6, 2015; April 7, 2015; May 20, 2015; August 25, 2015) |
| 3. | Memo to Cpt. Cisneros (June 3, 2015) |
| 4. | Emergency Requests to Sgt. Leon (June 29, 2015; September 8, 2015) |
| 5. | R. James Declaration (June 23, 2015) |
| 6. | K. Fields Declaration (May 21, 2015) |
| 7. | K. Fields Declaration (May 20, 2015) |
| 8. | K. Fields Declaration (May 5, 2015) |
| 9. | K. Fields Declaration (April 23, 2015) |
| 10. | Rules Violation Report No. 4A2-15-05-044 (May 26, 2015) packet |
| 11. | Rules Violation Report No. 4A2-15-05-045 (May 28, 2015) packet |
| 12. | Rules Violation Report Hearing Waivers (June 28, 2015) packet |
| 13. | Grievances Filed April to September 2015 |
| 14. | Mental Health Requests (June 3, 2015 – emergency; June 28, 2015; July 21, 2015 – urgent; September 3, 2015) |
| 15. | OIG Investigative Reports 2015-2018. |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT D: Defendant's Exhibits**

| Ex. | Description |
|---|---|
| a. | Abstracts of Judgment of Plaintiff |
| b. | Abstracts of Judgment of Plaintiff's witnesses Fields and James |
| c. | Rules Violation Report Log No. 4A2-15-05-45 |
| d. | Rules Violation Report to Plaintiff for Destruction of State Property Less than $400, identified by Plaintiff as Log No. 4A2-15-05-44 |
| e. | Relevant portions of Plaintiff's Central File, including documents pertaining to his classification history, bed history and disciplinary history; Classification Review dated July 11, 2016. |
| f. | Relevant portions of Plaintiff's Medical and Mental Health Records from 2015, including Health Care Services Requests dated June 28, 2015, July 21, 2015, September 3, 2015, and November 15, 2015, and Interdisciplinary Progress Notes dated July 7, 2015, August 4, 2015, September 8, 2015, November 16, 2015, and December 14, 2015. |
| g. | Relevant portions of California Code of Regulations, Title 15, and the CDCR Department Operations Manual concerning cell searches. |
| h. | Photographs and/or diagrams depicting where Plaintiff, Fields, and James were housed in May 2015. |