1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  TYLER V. HEATH, State Bar No. 271478
   Supervising Deputy Attorney General
3  R. LAWRENCE BRAGG, State Bar No. 119194
   Supervising Deputy Attorney General
4   1300 I Street, Suite 125
    Sacramento, CA 95814
5   Telephone: (916) 210-7334
    Fax: (916) 324-5205
6   E-mail: Lawrence.Bragg@doj.ca.gov
   *Attorneys for Defendant M. Gonzales*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SAM DRAKE,**<br><br>Plaintiff,<br><br>v.<br><br>**GONZALEZ, et al.,**<br><br>Defendants. | 1:17-CV-01500-KES-SAB (PC)<br><br>**DEFENDANT'S MOTIONS IN LIMINE; DECLARATION OF COUNSEL**<br><br>Judge: The Honorable Kirk E. Sherriff<br>Trial Date: November 12, 2025<br>Action Filed: November 7, 2017 |

**INTRODUCTION**

In accordance with the Court's Tentative Pretrial Order (ECF No. 166), Defendant Gonzalez respectfully submits the following Motions in Limine. In light of the Court's previous ruling that the punitive damages of the trial would be bifurcated (ECF No. 166 at 17:12-18), Defendant will not further brief that issue.

The parties were unable to meet and confer concerning the substance of this motion. The Plaintiff is proceeding pro se and currently is housed at the Fresno County Jail. Defense counsel attempted to set up a telephone call with the Plaintiff but was unsuccessful. (*See* Bragg Decl., *infra.*)

///

1

**MOTION IN LIMINE NUMBER 1:**
**PRECLUDING ARGUMENT OR EVIDENCE CONCERNING DISMISSED CLAIMS**

This Court previously ruled that the only remaining issues for trial concern whether the May 2015 Rules Violation reports were retaliatory and that all other retaliation issues were dismissed. (ECF No. 148 at 3:1-3.) Previously, Plaintiff had asserted other claims against Defendant Gonzalez, including claims that Gonzales is liable for failure to protect Plaintiff in violation of the Eighth Amendment by setting up an attack on Plaintiff, poisoned Plaintiff's food, retaliated against Plaintiff in other ways, such as referring to Plaintiff as a "snitch," "SNY," "piece of shit," "who has been "ratting" on correctional officers on April 23, 2015, May 5, 2015, and other dates, and threatened to apply pepper-spray to Plaintiff on July 7, 2015. In light of the summary judgment ruling, this evidence is not relevant to the retaliation claims remaining for trial concerning Rules Violations Reports issued in May 2015. Fed. R. Evid. 401, 402. Alternatively, Defendant contends that the relevance of such evidence would be substantially outweighed by undue prejudice resulting to Defendant, confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. Therefore, the Court should not allow argument or evidence concerning any other claims besides the claims that the May 2015 Rules Violation Reports were retaliatory.

**MOTION IN LIMINE NUMBER 2:**
**PRECLUDING ARGUMENT OR EVIDENCE CONCERNING ALLEGED PRIOR BAD ACTS BY DEFENDANT**

As mentioned above, Plaintiff alleges that Defendant Gonzalez failed to protect Plaintiff, poisoned his food, and referred to Plaintiff as a "snitch," "SNY," "piece of shit," "who has been "ratting" on correctional officers. Defendant contends that allowing evidence of these alleged prior bad acts is improper under Federal Rule of Evidence 404. Evidence of prior bad acts is inadmissible to establish a defendant's propensity to commit the wrongful act in question. *See United States v. Mendoza-Prado,* 314 F.3d 1099, 1103 (9th Cir. 2002.). Permitting testimony concerning an irrelevant prior event would require the Defendant to address the prior event, along with the incident which is the basis of Plaintiff's claim, leading to undue delay and consumption of time at trial and raising the possibility that the jury would confuse the facts of the prior event with the facts of the incident at issue in the case. Therefore, any possible probative value of

evidence concerning the prior events would be substantially outweighed by unfair prejudice to the Defendant, undue delay, consumption of time and possibility of jury confusion under Federal Rule of Evidence 403.

**MOTION IN LIMINE NUMBER 3:  TO PRECLUDE EVIDENCE OR ARGUMENT TO A "CODE OF SILENCE" OR "ALLIANCE" AMONG CORRECTIONAL OFFICERS, OR "THE GREEN WALL"**

Defendant seeks an order to prevent Plaintiff from referencing, alluding to, or otherwise mentioning to the jury, through arguments, testimony, evidence, or other means, a "code of silence" or "alliance" among correctional officers and inmates, or related concepts such as "the green wall."

There is no evidence connecting an alleged "code of silence," "alliance," or "green wall" involving the Defendant.  Any arguments, testimony, and evidence regarding an alleged a "code of silence" and "the green wall" should be excluded because they are irrelevant to the claims at issue.  *See* Fed. R. Evid. 401-402; *Sartori v. Cty. of Los Angeles*, 676 Fed. Appx. 680, 683 (9th Cir. 2017) (affirming the exclusion of evidence of a "general 'code of silence'" among members a law enforcement agency where the plaintiff did not identify any evidence connecting the purported code of silence to the specific officers who testified in the case); *Jackson v. Mendez*, No. 1:11-cv-00080-BAM (PC), 2015 U.S. Dist. LEXIS 154717 at *8-9, (E.D. Cal. Nov. 13, 2015) (excluding references to a "Green Wall" and "Code of Silence" because "[e]vidence of a conspiracy by officers to cover up the actions of other officers is irrelevant" to an excessive force claim); *Emery v. Harris*, No. 1:10-cv-01947-JLT (PC), 2014 WL 710963 at *1 (E.D. Cal. Feb. 21, 2014) (finding "testimony or argument regarding the 'code of silence' or the 'green wall' is not relevant to determining whether Defendant used force maliciously and sadistically for the purpose of causing harm or in a good faith effort to restore order") (internal citations omitted).

Further, references to a "code of silence," an "alliance," and "the green wall" are unduly prejudicial to Defendant and will create a trial within a trial to determine whether such a conspiracy exists, confusing the issues, misleading the jury, and wasting time.  *See Coloyan v. Badua*, 256 Fed. Appx. 958, 959 (9th Cir. 2007) (affirming the exclusion of "code of silence" testimony because "its undue prejudice to Defendants, as well as the likely consumption of time,

3

outweighed its probative value"); *Branch v. Umphenour*, No. 1:08-cv-01655-SAB (PC), 2017 WL 220129 at *6-7 (E.D. Cal. Jan. 18, 2017) (finding "Green Wall" and "Code of Silence" testimony was unduly prejudicial, likely to confuse the issues and mislead the jury, and would "waste the time of the jury and Court" by creating a trial within a trial); *Shepard v. Bass*, No. 1:10-cv-00754-LJO-BAM PC, 2012 WL 6115675 at *2 (E.D. Cal. Dec. 10, 2012) (same); *Emery*, 2014 WL 710963 at *2 (finding "code of silence" evidence would "require the jury first to determine whether such a code exists … only to lure the jury away from making an individualized assessment of each witness," confusing the issues, likely misleading the jury); *Buckley v. Evans*, No. 2:02-cv-01451-JKS, 2007 WL 2900173 at *4 (E.D. Cal. Sept. 28, 2007) ("[U]nfair prejudice means evidence that though relevant might lead a jury to ignore the facts and law and decide a case on an emotional basis or for an improper reason") (internal citations omitted).

     Therefore, references to a "code of silence," "alliance," and "the green wall" should be excluded because any probative value is substantially outweighed by the prejudicial effects. Fed. R. Evid. 403.

**MOTION IN LIMINE NUMBER 4:**
**TO LIMIT PLAINTIFF'S TESTIMONY REGARDING MEDICAL RECORDS, MENTAL HEALTH CONDITIONS AND DIAGNOSES, AND ALLEGED INJURIES**

     Defendant seek an order limiting the scope of Plaintiff's testimony interpreting medical or mental health conditions, as well as records concerning any alleged injuries. Plaintiff lacks competent medical or mental health expertise to offer opinions as to the nature and extent of his alleged injuries, any medical or mental health diagnoses, or the substance, meaning, and/or interpretation of medical or mental health orders. Plaintiff has not designated any expert witness to interpret his medical or mental health records, or offer opinions regarding his medical or mental condition, alleged injury, or otherwise.

     Plaintiff lacks competent medical and mental health expertise to offer opinions as to the nature and extent of his alleged injuries. Fed. R. Evid. 701. Plaintiff may testify as to what he allegedly experienced giving rise to his Complaint. Plaintiff cannot testify, however, regarding a diagnosis, opinions, inferences, or causation. *See Id.*; Fed. R. Evid. 702. Plaintiff should also be

4

precluded from offering any opinions or inference from any medical or mental health records, or regarding any such conditions.

Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or date; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Because Plaintiff is not qualified to testify as an expert in this case, he should not be permitted to introduce any opinion evidence regarding his medical or mental health records, alleged injuries, or any medical or mental health condition or treatment. Any such evidence would be improper expert opinion under Fed. R. Evid. 701. Further, Plaintiff has not designated any expert witness to introduce such evidence and to offer opinions. Thus, Plaintiff's testimony should be limited to what he personally experienced.

///

///

///

DEFENDANT'S MOTIONS IN LIMINE; DECL. OF COUNSEL   (1:17-CV-01500-KES-SAB (PC)

# CONCLUSION

For the foregoing reasons, Defendant Gonzalez requests that this Court grant these motions in limine.

Dated: September 23, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General


*/s/ R. Lawrence Bragg*
R. LAWRENCE BRAGG
Supervising Deputy Attorney General
*Attorneys for Defendant M. Gonzales*

SA2018102931
39324391

DEFENDANT'S MOTIONS IN LIMINE; DECL. OF COUNSEL   (1:17-CV-01500-KES-SAB (PC)

**DECLARATION OF R. LAWRENCE BRAGG IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE**

I, R. LAWRENCE BRAGG, DECLARE:

1. I am a Supervising Deputy Attorney General, licensed to practice in this Court, and am counsel for Defendant in the above matter.

2. Plaintiff Drake has been released from the custody of the California Department of Corrections and Rehabilitation and currently is in the custody of the Fresno County Jail. I requested that my office set up a telephone call with Plaintiff to discuss the issues in this case, including motions in limine, but my office reports that when calling the telephone number for inmate visits on the Fresno County Jail website, no one picked up the telephone. For this reason, the parties were unable to meet and confer concerning the issues raised in Defendant's Motions in Limine.

I declare under penalty of perjury that the foregoing is true.

Dated this 23rd day of September, 2023, at Sacramento, California.

*/s/ R. Lawrence Bragg*
R. LAWRENCE BRAGG

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Sam Drake (J10892) v. Kernan, et al.** | No. | **1:17-CV-01500-KES-SAB (PC)** |

I hereby certify that on <u>September 23, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANT'S MOTIONS IN LIMINE; DECLARATION OF COUNSEL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>September 23, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Sam Douglas Drake, 0624897
Fresno County Jail
1225 M Street
Fresno, CA 93712
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 23, 2025</u>, at Sacramento, California.

| | |
|---|---|
| A. Zamora | */s/ A. Zamora* |
| Declarant | Signature |

SA2018102931
39330594.docx