UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>              Plaintiff,<br><br>       v.<br><br>M, GONZALES,<br><br>              Defendant. | No. 1:17-cv-01500-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SETTLEMENT CONFERENCE, AND GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>(ECF Nos. 183, 192) |

On October 2, 2025, a settlement conference was conducted in this matter and the case settled with the terms placed on the record. (ECF No. 175.)

On October 20, 2025, Plaintiff filed a motion to modify the settlement conference order or to enforce the settlement agreement. (ECF No. 183.) Defendant filed an opposition on November 12, 2025, and Plaintiff filed a reply on December 8, 2025. (ECF Nos. 192, 193.)

**I.**

**BACKGROUND**

A settlement conference was held in this matter on October 2, 2025, when the parties entered into a settlement and placed the terms of the settlement on the record. (ECF No. 175; Transcript, Ex. A.) Before placing the settlement terms on the record, the parties informally discussed these terms and Plaintiff had an opportunity to ask questions concerning the terms.

1

1  (Transcript, Ex. A at 4:24-5:6.) Under this settlement, Plaintiff agreed to resolve all claims that
2  were raised or could have been raised in the lawsuit, waived the application of California Civil
3  Code section 1542, and agreed to dismiss the lawsuit with prejudice and sign a settlement
4  agreement and release and provide a payee data record form. (Id. at 3:14-4:3.) Defendant agreed
5  to pay Plaintiff the sum of $5,000, and both parties agreed that the settlement proceeds would be
6  reduced by deductions to cover administrative fees, any outstanding restitution balances, and any
7  other costs owed by Plaintiff. (Id. at 4:4-10.) No representations were made concerning the
8  amount of restitution owed. (Id.) The parties agreed to bear their own cost and attorney's fees.
9  (Id. at 4:4-6.) The parties further agreed that a refusal to sign the settlement paperwork is not a
10 reason to later rescind the settlement agreement. (Id. at 4:16-20.)

11     Plaintiff stated that he understood that he would be bound by the terms placed on the
12 record and that, once the proceedings concluded, the Court would find that a binding settlement
13 had been reached which would be enforced. (Id. at 2:17-3:2.) After the settlement terms were
14 placed on the record, the Plaintiff stated that he understood that the settlement puts an end to his
15 claims in this action and that he cannot later reopen the case and sue again once the Court
16 accepted the settlement. (Id. at 5:7-17.) The Court then proceeded to accept the settlement as
17 stated on the record. (Id. at 6:4-6.)

18     A settlement agreement and release, stipulation for voluntary dismissal with prejudice,
19 and payee data record form were sent to personnel at the Fresno County Jail on October 2, 2025,
20 along with a cover letter, and the personnel at the Jail agreed to provide these documents to
21 Plaintiff. (Bragg Decl., Exs. B, C, D, E, F.)

22     On October 10, 2025, a paralegal acting on behalf of Plaintiff, Irene Zupko, sent an email
23 to defense counsel requesting amendments to the settlement agreement and release and revisions
24 to the stipulation for voluntary dismissal with prejudice that $5,000 be sent to Plaintiff, without
25 any deductions for restitution, costs, or administrative fees, contending that Plaintiff did not owe
26 any restitution. (Bragg Decl., Exs. G, H.) Defense counsel responded that same day that these
27 changes did not comport with the settlement terms placed on the record, as the parties did not
28 agree that Plaintiff did not owe any restitution, Penal Code section 2085.8 did not apply, or that

Plaintiff would be paid the full settlement amount. (Bragg Decl., Ex. I.) Noting that the Court already had issued an Order retaining jurisdiction over this matter for seven months, defense counsel sent a revised settlement agreement and release to Ms. Zupko, reflecting a Fresno, California mailing address. (Bragg Decl., Ex. J.)

On October 16, 2025, defense counsel received copies of the original settlement documents sent on October 2, 2025, signed by the Plaintiff. (Bragg Decl., Ex. K.) Defense counsel then signed and filed the stipulation for voluntary dismissal with prejudice. (Bragg Decl., ECF 180.) The Court then ordered the parties to file a stipulation for voluntary dismissal with prejudice which specifically provided that the Court reserved jurisdiction to enforce the settlement for seven months. (ECF 182.) A revised stipulation for voluntary dismissal was sent to the Fresno County Jail on October 20, 2025. (Bragg Decl., Ex. L.) The Plaintiff returned the revised stipulation with additional revisions on October 30, 2025, but requested that defense counsel refrain from filing it with the Court. (Bragg Decl., Ex. M.)

## II.

## LEGAL STANDARD

A district court has ancillary jurisdiction to enforce the terms of a settlement agreement when it expressly retains jurisdiction or incorporates the terms of the settlement agreement into its dismissal order. Hajro v. U.S. Citizenship and Immigr. Servs, 811 F.3d 1086, 1099 (9th Cir. 2016) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 380–81 (1994)). The Court therefore concludes, and the parties do not dispute, that it has jurisdiction to enforce the terms of the settlement agreement.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. See Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989). California law provides that oral settlement agreements made before the

3

1  court are enforceable on motion by the entry of judgment. Cal. Civ. Proc. Code § 664.6.

2  An enforceable contract exists if there are parties capable of contracting, consent from those

3  parties, a lawful objective, and sufficient consideration. Cal. Civ. Code § 1550. "Mutual assent

4  usually is manifested by an offer communicated to the offeree and an acceptance communicated

5  to the offeror." Lopez v. Charles Schwab & Co., 118 Cal. App. 4th 1224, 1230 (2004).

## III.

## DISCUSSION

### A.   Jurisdiction to Enforce Settlement Agreement

The Ninth Circuit "recognizes a trial court's inherent enforcement power" over a settlement agreement entered into while the litigation is pending before it. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) (recognizing the district court's "inherent power to enforce the agreement in settlement of litigation before it").

Here, the terms and existence of the settlement agreement between the parties are in the record and are therefore clear. Further, the Court specifically retained jurisdiction to enforce the settlement agreement. (ECF No. 175.) Therefore, the Court has authority to enforce the settlement agreement in this action.

### B.   Enforcement of the Settlement Agreement

Plaintiff seeks to modify the settlement agreement to reflect that: (1) he owes no restitution; (2) he does not agree to pay any administrative fees to CDCR; (3) he expects full payment of the entire $5,000 settlement amount; and (4) the language in the settlement agreement authorizing CDCR to make deductions under California Penal Code 2085.5 should be deleted. (ECF No. 183 at 2:16-25.) Plaintiff also requests that he be allowed to pay the court filing fees himself after the settlement check is received. (Id. at 3:11-13.)

The enforcement of an agreement to settle a federal litigation is governed by the law of the state in which the agreement was entered into. United Commercial Ins. Serv., Inc. v.

1  Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).  In California, settlement agreements are
2  governed by the same principles governing contracts generally. Adams v. Johns-Manville Corp.,
3  876 F.2d 702, 704 (9th Cir. 1989).  California law allows a party to rescind a contract if his
4  agreement was "was given by mistake, or obtained through duress, menace, fraud, or undue
5  influence, exercised by or with the connivance of the" other party to the contract. Cal. Civ. Code
6  § 1689.

7  To enforce a settlement agreement, two elements must be satisfied. First, the settlement
8  agreement must be complete. See Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir.
9  1994); Doi, 276 F.3d at 1137. Second, the settlement agreement must be the result of an
10 agreement of the parties or their authorized representatives concerning the terms of the
11 settlement. See Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-1145 (9th Cir. 1977); Doi,
12 276 F.3d at 1137-1138. Once a party enters into a binding settlement agreement, that party cannot
13 unliterally decide to back out of the agreement. See, e.g., Doi, 276 F.3d 1131; Spitzer v. Aljoe,
14 734 F. App'x 457 (9th Cir. 2018); Gastile v. Virga, No. 2:11-cv-2829-JAM-EFB, 2015 WL
15 13065433, at *2 (E.D. Cal. Feb. 10, 2015).

16 In Doi, the Ninth Circuit was deciding whether the district court properly enforced a
17 negotiated settlement agreement where, after the terms were placed on the record and agreed to
18 by all parties in open court, the plaintiff refused to execute a written agreement. 276 F.3d at 1133-
19 34.  The Court recognized that the plaintiff "entered into a binding settlement agreement in open
20 court" and that the plaintiff had "failed to demonstrate how any of the terms of the written
21 settlement agreement are in discord with the terms of the agreement stated in open court." Id. at
22 1140. The Court concluded that the district court had not abused its discretion in enforcing the
23 written settlement agreement. Id.

24 Similarly, the settlement in this case was negotiated in off-the record discussions with the
25 Court. (Transcript, Ex. A at 4:24-5:6.)  The parties then went on the record and the Court
26 indicated a settlement on material terms had been reached. (Id. at 3-5.) Defense counsel recited
27 the materials terms, including Defendant's agreement "to pay plaintiff the total sum of $5,000"
28 and "[a]ny settlement proceeds will be reduced by deductions to cover administrative fees, and

5

1  any outstanding restitution balances, and any other fees or costs owed by plaintiff.  No

2  representations are made concerning the amount of restitution owed." (Id. at 4:6-10.)  Plaintiff

3  expressly agreed to the material terms as recited by defense counsel.  (Id. at 5.)  Plaintiff never

4  mentioned on the record that he was suffering from post-traumatic stress disorder which affected

5  his ability to comprehend the proceedings or understand the terms of the agreement.  In fact,

6  Plaintiff acknowledged that he understood the proceedings, had the opportunity to ask questions

7  as to the material terms of the agreement, and understood and agreed to the terms of the

8  agreement.  (Id. at 2, 4-6.)

9  Here, like Doi, the settlement agreement contained the material terms placed on the record

10 and Plaintiff agreed to those terms; thus, the parties had a binding oral agreement. Doi, 276 F.3d

11 at 1136-1138.  By its clear terms, California law mandates that the CDCR divert Plaintiff's full

12 settlement award to directly pay outstanding restitution fines against the Plaintiff.  Cal. Pen. Code

13 § 2085.8.[1]  As stated by the court in Doi, "At a time where the resources of the federal

14 judiciary…are strained to the breaking point, we cannot countenance a plaintiff's agreeing to

15 settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The

16 courts spend enough time on the merits of litigation; we need not (and therefore ought not) open

17 the flood gates to this kind of needless satellite litigation." 276 F.3d 1131, 1141 (9th Cir. 2002).

18 Accordingly, Plaintiff's motion to modify the settlement agreement shall be denied, and

19 Defendant's motion to enforce the settlement agreement shall be granted.

20 ///

21 ///

22 ///

---

[1] Section 2085.8, specifically states:

> (a) Compensatory or punitive damages awarded by trial or settlement to any inmate ... in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution orders or restitution fines against that person....
> (c)(1) The secretary shall deduct and retain from any prisoner or parolee settlement or trial award an administrative fee that totals 5 percent of any amount paid from the settlement or award to satisfy an outstanding restitution order or fine, unless prohibited by federal law.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to modify the settlement agreement, (ECF No. 183) is DENIED;
2. Defendant's motion to enforce the settlement agreement, (ECF No. 192), is GRANTED; and
3. Pursuant to the Court's retention of jurisdiction for seven months, dispositional documents shall be filed within **thirty (30)** days from the date of service of this order.

IT IS SO ORDERED.

Dated: __January 21, 2026__         /s/ *Barbara A. McAuliffe* _
                                    UNITED STATES MAGISTRATE JUDGE